JAMES E. JEWELL, Appellee, v. THE BOARD OF TRUSTEES OF SUMNER TOWNSHIP, BUCHANAN COUNTY, Appellant.

**Taxation of Sheep:** "MERCHANT" DEFINED. Code, section 1350, requires personal property to be assessed for taxation against the person owning it on January 1st. Section 1308 provides that sheep over six months old are subject to taxation. Section 1318 provides that the person owning personal property purchased with a view of its being sold shall be deemed a merchant and the assessment on such property shall be made for the average value of the stock for the year next preceding the assessment. *Held*, that a farmer purchasing sheep in the fall with a view of fattening and then selling them is not a merchant within the meaning of section 1318, but should be assessed with all sheep owned on January 1st.

*Appeal from Buchanan District Court.*—HON. FRANKLLIN C. PLATT, Judge.

MONDAY, JANUARY 21,1901.

APPEAL from an assessment of plaintiff's personal property for taxation for the year 1898. The trial court reversed the action of the defendant board, which confirmed an assessment against plaintiff of the entire value of certain sheep purchased by him in October, 1897, and defendant appeals.—*Reversed.*

*H. W. Holman* for appellant.

*James E. Jewell pro se.*

DEEMER, J.—In October of the year 1897, plaintiff purchased 550 head of sheep in Van Buren county, with a view to feeding and selling the same on the Chicago market. Shortly after his purchase, the sheep were brought to Sumner township, Buchanan county, and there fed and fitted for the market. They were kept in this township until after the first day of January, 1898, and were by the assessor assessed

to plaintiff at $777.   Plaintiff appeared before the defendant board and asked that the assessment be reduced to $362, that being the value of the proportionate number of sheep that he had on hand during the year of 1897.   This the board refused to do, and from that decision plaintiff appealed to the district court, where his assessment was reduced as requested, and the action of the board reversed.   The case comes to us on certificate from the trial judge, the material part of which read as follows:   "Where a party who is engaged in farming and other business purchases live stock, with the view of its being sold after the same are fed and fitted for market, keeping the same a part of the year, and having said live stock on hand the first day of January, at the time that which the property is assessed, should he be assessed for the entire number of animals which he has on hand at that date, or should he be regarded as a merchant, under the provisions of section 1318 of the Code, and his property assessed at the average value of the stock during the year preceding the time of the assessment; and, if the party has not been engaged in business for the entire year, then the average value during such time as the property has been on hand during the year, prior to the time the assessment was made?"   Ii is conceded that the average number of sheep plaintiff owned and had on hand during the year 1897 was 362.   The number thus fixed is arrived at by this mathematical process:   The 550 head of sheep were on hand for a period of three months prior to January 1, 1898.  · One fourth of that number is 137.   Plaintiff also had 225 head of stock sheep that he owned during the entire year of 1897, and this added to the 137 makes the number 362, hitherto stated.   The question certified involves a construction of sections 1308, 1318, and 1319 of the Code, the material parts of which are as follows:

"Sec. 1308.   All other property, real or personal, is subject to taxation in the manner prescribed, and this section is also intended to embrace   *   *   *   sheep or swine over six months old   *   *   *"

"Sec. 1318. Any person * * * owning or having in his possession * * * with authority to sell the same, any personal property purchased with a view of its being sold, * * * shall be held to be a merchant, for the purposes of this title. In assessing such stocks of merchandise the assessor shall require the production of the last inventory taken. * * * The assessment shall be made at the average value of the stock during the year next preceding the time of assessment.

"Sec. 1319. Any person * * * who purchases, receives or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, packing of meat, refining or purifying, or by the combination of different materials with a view to making a gain or profit by so doing and selling the same, shall be held as a manufacturer, for the purpose of this title, * * * but the average value thereof to be ascertained, as in the preceding sections."

Reduced to its last analysis, the question is this: Is a person who buys sheep for the purpose of feeding and fattening them for the market, and selling them when so fattened, a merchant, within the meaning of section 1318? The definition ordinarily given of "merchant" is "one whose business is to buy and sell merchandise"; 'one who buys to sell again, and who does both, not occasionaly or incidentally, but habitually and as a business." But every one who who buys and sells is not a merchant. Generally speaking, "only those who traffic in the way of commerce, or carry on business by way of emption, vendition, barter, permutation, or exchange, and who, to make their living, buy and sell by a continued assiduity or frequent negotiation in the mystery of merchandise, are esteemed merchants." *Lansdale v. Brashear,* 3 T. B. Mon. 330; *State v. Smith,* 5 Humph. 394; *Norris v. Com.,* 27 Pa. St. 494. In the first case cited it was held that farmers who raised hemp, cattle, and hogs for the market were not merchants. And in the second case it

is said, in effect, that a merchant, within the meaning of the revenue law of Tennessee, is a person whose vocation and pursuit is the business of buying and selling, whereby he makes his living. These general definitions are not disputed by plaintiff, but he insists that the legislature has given a definition of the term in section 1318, and that the meaning there given must control. That statute says that any person having in his possession any personal property, purchased with a view to its being sold, shall be held to be a merchant. Under a strict, literal interpretation, this would seem to cover every article of personal property that was not purchased for consumption or personal use. Was that the intent of the legislature in defining the term? If it was, then a large amount of personal property can only be assessed for a small part of its value. Very few farmers purchase stock for immediate consumption or use. They buy it to feed and fit for the market, and ultimately to sell; but this does not, to our mind, make them merchants. True, the ultimate object is sale, but not sale in the condition in which they buy. They buy primarily with the purpose of feeding and preparing for the market. Immediate sale is not contemplated or expected. There are, it is true, persons who trade and traffic in live stock the same as in ordinary merchandise, but they are not feeders. They feed simply to preserve life and flesh, not to add to the avoirdupois. They purchase with a view to immediate sale. The ordinary stock raiser buys, not for immediate sale, but to derive a profit from the produce that he feeds his stock. There is a manifest difference between a stock merchant or buyer and a stock feeder, and this distinction, we think, is preserved in the statutes. Section 1308 provides that sheep and swine over six months of age are subject to taxation in the manner prescribed. If held by one with a view to traffic therein, as in merchandise, then they are to be taxed as provided in section 1318, and if not so held they should be listed and assessed each year in the name of the owner thereof on the first day of January,—listed at

their actual value, and assessed at 25 per cent. of such actual value.  See Code, sections 1305, 1350, 1354.  Confirmation of this view is found in the second and third paragraphs of section 1318, wherein it is provided that in assessing "such stocks of merchandise" the assessor shall require the production of the last "inventory" taken, and that the assessment shall be made at the average value of the "stock" during the year next preceding the time of assessment; and, if the merchant has not been engaged in business so long, then the average value during such time as he shall have been so engaged.  The terms "merchandise," "merchant," and "stock" have very well defined meanings.  The former conveys the idea of personalty used by merchants in the course of trade, and horses, cattle, and sheep, etc., are not usually included, although, of course, they may be.  The last word generally comprehends articles accumulated in a business or calling for use and disposal in its regular prosecution.  To speak of sheep purchased for feeding as merchandise, and of a flock as the stock of a merchant, would not be giving the words used their ordinary significance.  Section 48 of the Code provides that "words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases and such others, as may have a peculiar and appropriate meaning in law, shall be construed according to such meaning."  The words "merchandise" and "stock" have an appropriate meaning in law, and should be construed accordingly.  Another rule in the construction of statutes is that force and effect should be given to all the is also significant.  True, a feeder of stock may take an inventory thereof,—that is, he may count and weigh the animals; but it is not ordinarily done at regular intervals.  The language used, and the entire act so construed as to give effect to all parts thereof.  Application of the rule we have adopted, to the statutes referred to, will harmonize every part thereof, and give effect to all their provisions.  The use of the word "inventory," in the connection in which it is found;

merchant, however, does have a fixed time for making his inventory, and inventory day is generally on or near the first day of January. . This is a matter of common knowledge, on which the court may take judicial notice. Appellee relies, however, on *McConn v. Roberts,* 25 Iowa, 152, wherein it is held that a person who buys and packs pork is a "merchant," within the meaning of section 723. of the Revision of 1860, which is, in terms, quite like section 1318 of the present Code. That case was decided on a demurrer to a petition, which recited that plaintiff was engaged in the business of buying and packing pork, to be sold outside the state, and that he had $19,000 invested in his pork operations. There was really no contention over the fact that plaintiff in that case was a merchant. Both parties seemed to concede the point. But, if this be not true, there is nothing in that case that militates against the views hitherto expressed. Plaintiff in that case was buying pork, not for feeding purposes, but "was buying and packing pork to be sold outside of the state." Whether the pork was live or dead does not appear, nor do we regard it as material. He was buying and packing pork for sale, and in so doing may be said to have been a merchant dealing in pork. We do not regard that case as controlling. Any other construction than the one we have given would tend to great confusion in the manner of making assessments of live stock. The ordinary farmer would be required to separate the personal property he had bought for feeding and sale from that which he had bought or raised for use and consumption, and much would depend upon an undisclosed and unascertained; and almost unascertainable, intent at the time of purchase. If a man bought one cow for the purpose of sale, or one steer or one horse and owned him but a fraction of a year preceding the assessment, he would pay upon a valuation fixed by proportions that would be hard to ascertain. If the rule contended for by appellee should be sustained, and a man should buy a steer on December 31,

1897, for the purpose of sale, he would be assessed at 1-365, of one-fourth of the value of that steer, although he owned him on January 1, 1898. Surely this was not the intent of the legislature. We therefore answer the question propounded in the certificate of the trial judge as follows: The owner, under the facts stated, should be assessed for the entire number of animals owned by him on the first day of January, and should not be regarded as a merchant, under section 1318 of the Code.—REVERSED.