## BROWN et al. v. UNITED STATES et al.

(District Court, N. D. Illinois, E. D. 1920.)

**1. Internal revenue ⊂⊃9—Live stock commission merchant held not "broker," within Revenue Act, imposing tax on broker dealing in "merchandise."**

Live stock commission merchants, dealing in cattle, sheep, and hogs consigned to them, *held* not "brokers," within Revenue Act 1918, § 1001, par. 1 (Comp. St. Ann. Supp. 1919, § 5980o), imposing a tax on "brokers," and defining as a broker "every person whose business it is to negotiate purchases or sales of * * * merchandise for others"; such animals not constituting "merchandise."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Broker; Merchandise.]

**2. Internal revenue ⊂⊃4—Thing not to be taxed, unless plainly within meaning of words used.**

A thing is not to be taxed, unless it is plainly within meaning of the words used.

At Law. Action by Everett C. Brown and others against the United States and others. On demurrer to declaration. Demurrer overruled.

Sims, Welch & Godman, of Chicago, Ill., for plaintiffs.
The United States Attorney, for defendants.

PAGE, Circuit Judge. [1] The question here is raised by a demurrer to the declaration, which alleges that the plaintiffs are live stock commission merchants in the city of Chicago, dealing in cattle, sheep, and hogs consigned to them, and that the collector of internal revenue at Chicago exacted of them a special tax under paragraph 1, section 1001, Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 5980o), which, in part, reads as follows:

"Brokers shall pay $50. Every person whose business it is to negotiate purchases or sales of stocks, bonds, exchange, bullion, coined money, bank notes, promissory notes, other securities, produce or merchandise, for others, shall be regarded as a broker."

The contention of the Government is that cattle, sheep, and hogs are "merchandise" and come within the act. In several cases the courts have said that, while live stock does not usually come within the term "merchandise," yet sometimes it may. U. S. v. One Sorrel Horse, Fed. Cas. No. 15,953, 27 Fed. Cas. 315; Jewell v. Board of Trustees, 113 Iowa, 47, 84 N. W. 973, 975. However, it is further urged by the government the special reasons for holding that live stock, etc., comes under the 1918 act are found in the various revenue acts, providing for the assessment of special taxes.

Under section 79 of the Revenue Act of June 30, 1864 (13 Stat. 251), the following persons were made subject to a special license tax: Paragraph 2, wholesale dealers; paragraph 7, horse dealers; paragraph 9, brokers; paragraph 12, cattle brokers; paragraph 13, produce brokers; paragraph 14, commercial brokers. By the Act of July 13, 1866, § 9 (14 Stat. 115), paragraphs 2, 9, 13, and 14 of section 79

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
298 F.—12

were amended, but the act as so amended retained substantially the subdivision as to persons subject to tax.

Under section 2 of the Revenue Act of June 13, 1898 (30 Stat. 448) special taxes were imposed upon: Paragraph 2, brokers; paragraph 4, commercial brokers, etc.; but the act does not include commission merchants, horse dealers, cattle brokers, or produce brokers by name. In the Act of October 22, 1914 (38 Stat. 750), section 3 provided for special taxes: Paragraph 2, brokers; paragraph 4, commercial brokers; paragraph 10, commission merchants. Under section 1001 of the Revenue Act of 1918, special taxes were provided for: Paragraph 1, brokers, but nowhere designated commercial brokers, cattle brokers, or commission merchants by name.

It will be noted that substantially all of these paragraphs carried with them their own definition as to what was to be included under the respective subdivisions. Under the act of 1864 it was provided:

"Seven. Horse dealers shall pay for each license the sum of ten dollars. Any person whose business it is to buy or sell horses or mules shall be regarded a horse-dealer under this act."

"Twelve. Cattle brokers * * * shall pay for each license the sum of ten dollars. * * * Any person whose business it is to buy or sell, or deal in cattle, hogs, or sheep shall be considered as a cattle broker."

"Cattle brokers" and "horse dealers" are not again mentioned in any of the acts by name, except in the act of 1866.

Section 3 of the act of 1914 reads:

"Tenth. Commission merchants shall pay $20. Every person, firm, or company whose business or occupation it is to receive into his or its possession any goods, wares, or merchandise to sell the same on commission shall be regarded as a commission merchant: Provided, that any person having paid the special tax as a commercial broker shall not be required to pay the special tax as a commission merchant. * * *"

This is the only section in any of the acts where commission merchants are included by name.

Under paragraph 13 of section 79 of the act of 1864, a produce broker is defined as:

"Every person, other than one holding a license as a broker, wholesale or retail dealer, whose occupation it is to buy or sell agricultural or farm products * * * shall be regarded as a produce broker under this act."

Paragraph 13 of the act of 1866 defines a produce broker as:

"Every person other than one having paid the special tax as a commercial broker or cattle broker, or wholesale or retail dealer, or pedler, whose occupation it is to buy or sell agricultural or farm products, and whose annual sales do not exceed ten thousand dollars, shall be regarded as a produce broker."

Produce brokers are not again mentioned in any of the acts by name.

Paragraph 14 of section 79 of the act of 1864 defines a commercial broker as:

"Any person or firm, whose business it is, as a broker, to negotiate sales or purchases of goods, wares, produce, or merchandise, not otherwise provided for in this act, or seek orders therefor, in original or unbroken packages, or to negotiate freights and other business for the owners of vessels, or for the shippers or consignors or consignees of freight carried by vessels, shall be regarded a commercial broker under this act."

In section 2, par. 4, of the act of 1898, a commercial broker is defined:

"Every person, firm or company whose business it is as a broker to negotiate sales or purchases of goods, wares, produce, or merchandise, or to negotiate freights and other business for the owners of vessels, or for the shippers or consignors or consignees of freight carried by vessels, shall be regarded as a commercial broker under this act."

The definition of a commercial broker under the act of 1914 is identical with that given in paragraph 4, section 2, of the act of 1898, supra..

In paragraph 9, section 79, of the act of 1864, a broker is defined as:

"Every person, firm, or company, except such as hold a license as a banker, whose business it is as a broker to negotiate purchases or sales of stocks, exchange, bullion, coined money, bank notes, promissory notes, or other securities, shall be regarded as a broker, under this act. * * *"

From a consideration of the several acts it is perfectly clear that there was not, running through all of the acts, any well-defined scheme of classification of subjects to be taxed. For instance, in the acts of 1864 and 1866, horse dealers and four different sorts of brokers are mentioned. In the acts of 1898 and 1914 only two kinds of brokers were taxed, and in the act of 1918 only one kind was taxed. That is to say, in the acts of 1864 and 1866 there were brokers, cattle brokers, produce brokers, and commercial brokers; in the acts of 1898 and 1914 there were brokers and commercial brokers; and in the act of 1918 just brokers. In none of the acts prior to 1918 was the word "merchandise" used in connection with any kind of a broker, except that it appeared in all of the acts defining a commercial broker and in the section of the act of 1914 taxing commission merchants.

The theory of the government is that the word "merchandise" in the act of 1918 was adopted from the section relating to commission merchants in the act of 1914; but from a reading of the several acts it seems to be much more probable that it was adopted from the sections relating to a commercial broker, because all of the sections relating to commercial brokers, as well as the section here in question, describe, not only a broker, but also a commercial broker, as a person whose business it is to negotiate purchases or sales, whereas a commission merchant is defined as a person, etc., whose business or occupation it is to receive into his or its possession any goods, etc. It will be noted that in all of the acts relating to brokers, including the one in question, the business to be done—that is, negotiating sales or purchases of goods, etc.—was not changed, but the things to be negotiated about were varied, as indicated.

[2] The allegations of the declaration would bring the plaintiffs within the terms of the act of 1914, relating to commission merchants, if the word "merchandise," as used in that section, covered live stock; but live stock does not, in my opinion, come within the provision of the act of 1918. A thing is not to be taxed unless it is plainly within the meaning of the words used. First Trust & Savings Bank v. Smietanka (C. C. A.) 268 Fed. 230.

The demurrer is overruled.