McCONN v. ROBERTS, Treas., *et al.*

1. **Taxes: WHO DEEMED A MERCHANT.** Under the liberal definition of "merchant," as prescribed by section 723 of the Revision, a person engaged in buying and packing pork is included in that class for the purposes of taxation, and entitled in listing his merchandise for taxation, to estimate the average value during the year next previous to the time of assessment.

2. —— **FACTS INSUFFICIENT TO EXEMPT: DEDUCTION OF INDEBTEDNESS.** The fact that property was purchased and held with a view of selling it out of the State, and that it was so sold; or the fact that the property was purchased on credit or with borrowed capital, will not relieve the owner from taxation for it. The amount of debts owing by him may be deducted from his "moneys and credits," but not from his general property.

*Appeal from District Court of Lee County.*

TUESDAY, JUNE 23.

ACTION in equity to correct erroneous assessment of property and to enjoin the collection of taxes based

thereon. There was a demurrer to the petition, which was sustained. The plaintiff stood upon his petition and the same was dismissed with costs. The plaintiff appeals.

*J. M. Casey* for the appellant.

*J. Tracy* for the appellees.

COLE, J. — Plaintiff alleges in his petition, that he is a citizen of Iowa, and resides and does business in Fort 1. TAXES: who Madison; that for the last twenty years he deemed a mer-
chant. has been engaged in buying and packing pork in said town, to be sold out of the State; that the amount of his business has varied, and has been governed by the price of pork, and his ability to raise means to invest in it; that he has done business mostly on borrowed capital, and his interest in it has been the profits made on final sale; that, in the winter of 1866–7, he borrowed $18,700, and had $19,164 invested in his pork operations; that, when the assessor called upon him for a list of his property subject to taxation, he declined to give any capital as invested in pork, stating to the assessor, that it was not his, but borrowed capital, and that the lenders had a lien on the pork for their pay; that the assessor told plaintiff that he did not ask for the purpose of assessing, but to report, with the other assessors, to the public the amount of pork business in the county, and thereupon plaintiff stated the facts to him; that he afterward learned that the assessor returned the same as plaintiff's taxable property; that he applied to the board of supervisors to equalize his assessment by striking said sum of $19,164 therefrom, which they refused to do, but gave their written consent for him to prosecute this suit; that the taxes levied for said capital amounted to $450.35, which he would have to pay, unless relieved by this court; that said assessment was wrongful, since the amount was a debt he owed,

and not a credit he owned; that he did not have said pork with the view of selling the same in this State, but for sale out of the State, and he did so sell it; that, had his said assessment been made by taking the average value during the year previous to said assessment, the amount would not have been near so much, and his taxes would have been greatly reduced below the levy now against him; that injustice has been done him by assessing the money as aforesaid, instead of taking the average value of the property. The plaintiff asks that the assessment be declared erroneous, and an injunction granted against the collection of the taxes levied thereon.

The defendant demurred to the petition, because, — First, there is no equity in the petition. Second, by plaintiff's own showing, he was the owner of the $19,164 worth of pork, and it was subject to taxation. Third, the fact, that it was purchased with borrowed money, and with intent to sell, and was sold out of the State, did not exempt the property from taxation. Fourth, the plaintiff being a merchant, he does not show what the average value of the pork or merchandise was for the preceding year next before said assessment. Fifth, plaintiff does not show that the board of supervisors acted illegally. And sixth, he does not show that they refused any just or legal demand.

This demurrer was sustained, and is the only error complained of.

Under the liberal definition of "merchant," as prescribed by Revision, section 723, the plaintiff is included in that class for the purpose of taxation. By the terms of that section, he was entitled, as a merchant, in listing his merchandise for taxation, to estimate the average value during the year next previous to the time of assessing. This, as averred in the petition, he did not do; but he fails to state the average amount, or to show to what extent, if

any, he was prejudiced; nor did he present the same to the board of supervisors and ask a correction on that basis. The petition is too vague, indefinite and uncertain to justify the interposition by a court of equity, and, especially, by writ of injunction, to enjoin the whole tax, when, at the very best construction of plaintiff's showing, only some indefinite part of it ought to be enjoined, and this, too, upon the presumption, that such a process could be employed to obtain relief from an erroneous assessment; as to which, see *Macklot* v. *City of Davenport* (17 Iowa, 379).

The fact, that the property was held with a view of selling the same out of the State, and that it was in fact 2.——facts so sold, does not affect the liability of the insufficient to exempt: de- owner for taxation upon such property. Rev. duction of indebtedness. § 723. Nor does the fact, that the property was purchased on credit, or with borrowed capital, relieve the owner from taxation for it. He must pay taxes upon his property; but, in making up his moneys and credits for listing for taxation, he will be entitled to deduct therefrom all *bona fide* debts owing by him. Rev. § 721. If he happens to owe more than is due to him from others, he may be unfortunate in more than one particular, but it is a misfortune for which our law has provided no relief.

Upon the whole case, we see no reason to interfere with the judgment of the District Court.

Affirmed.