H. L. DEAN, Appellant, v. THE TOWN OF SOLON, and H.
    L. DEAN, Appellant, v. D. MAHER, Treasurer
              of Johnson County, Iowa.

**Taxation: CONSTRUCTION OF STATUTES.** Under Code, section 815,
1  providing that the average value of personal property, held to
   increase the value thereof, by manufacturing, shall be listed for
   taxation, and the value shall be estimated upon those materials,
   only, which enter into the manufactured products, the lessee of a
   creamery and its appliances is required to list for taxation the
   average value of the material used in making butter.

**SAME.** Under Code, section 806, providing that, when a person is
2  doing business in more than one county, the property kept in
3  one of the counties shall be taxed in that county, the capital
   invested by a manufacturer residing in one county, but doing bus-
   iness in another, is taxable in the latter county, though the
   business was temporarily suspended during a part of the year,
   and the property used in carrying on the business, but not the
   property assessed, was removed to the county where the residence
   was located.

*Appeal from Johnson District Court.*—HON. M. J.
                  WADE, Judge,

            TUESDAY, FEBRUARY 11, 1896.

THE first entitled case, involving less than one
hundred dollars, comes to us on the certificate of the
trial judge, and the following are facts presented
therein: "The plaintiff is, and for many years last
past has been, a resident of the town of Tipton, Cedar
county, Iowa. Since the year 1887, he has been oper-
ating a creamery in the town of Solon, Johnson
county, Iowa. He did not own the creamery, nor the
tools and fixtures used in operating the same, but has
rented the same, all together, under written leases,
for a term of one year, with a privilege of three
years; and since 1887, and during the years 1892 and

1893, he has been operating the same in about the same manner each year, and contemplates a continuance thereof, commencing operations about April, and closing operations about November. During the period from April to November, he was engaged in buying and collecting cream, and in manufacturing butter at said creamery, and had more or less capital invested in the business. He closed in November because there was not cream enough to pay to run the business, but did not give up his lease. When he closed in November, he shipped out and sold the balance of the output for that year, and removed his cans, teams, wagons, and personal property to the town of Tipton, Cedar county, Iowa; and during the balance of the year, until spring, he had no property of value in the town of Solon, and no property subject to taxation, unless, under the foregoing statements, he can be taxed upon capital invested in manufacture." It appears that he was regularly assessed with eight hundred dollars as capital invested in manufacturing; and, from a refusal of the board of equalization to change or cancel the assessment, an appeal was taken to the district court, which affirmed the action of the board, and the plaintiff appealed to this court.—*Affirmed.*

*Wheeler & Moffit* and *Joe A. Edwards* for appellant.

*Baker & Ball* for appellees.

GRANGER, J.—I. The district judge presents the legal proposition to be considered, as follows: "Whether upon said facts, the plaintiff had, within the meaning of the law, capital invested in manufacture, so as to render him liable to be assessed thereon in the town of Solon for the year 1893." It will be seen that our

inquiry is specifically limited to whether, under the facts, plaintiff had, at Solon, capital invested in manufacturing, liable to assessment in that place.

1    It will be well to first settle what is meant by "capital invested in manufacturing," within the meaning of the revenue laws. The law governing the assessment of such capital is found in Code, section 816, as follows: "Any person who purchases, receives, or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, packing of meats, refining, purifying, or by the combination of different materials, with a view of making gain, or profit, by so doing, and by selling the same, shall be held to be a manufacturer for the purposes of this title, and he shall list for taxation the average value of such property in his hands, estimated as directed in the preceding section; but the value shall be estimated upon those materials only which enter into the combination, or manufacture." The facts recited refer to teams, wagons, cans, and other property; and it should be understood that such property is not included within the term "personal property," as used in the section. Nor do we understand the question certified to refer to such property as teams, wagons, etc., but only to property assessable under the provisions of the section quoted. The property specified in the section is such only as is held for the purpose of adding to the value thereof by the process of manufacture, and with a view to a gain, or profit, by such manufacture and the sale thereof. The section specifically provides that, in estimating the value of such property, only the material that enters into the combination of manufacture, shall be considered. It excludes such things as do not become a part of the commodity when ready for sale. The plaintiff was a manufacturer of butter, and the section in question was designed to reach, for

purposes of taxation, the capital represented by the cream, salt, and other materials used to produce the butter ready for sale. It is a class of property liable to vary in amount and value from time to time; and hence the average for the year, or a part thereof, is taken, instead of the value at a particular time. The section refers to the preceding one, where the manner of ascertaining the average is prescribed.

By "capital invested in the business," we understand the court to mean the value of the materials entering into the manufacture of the butter; and of such capital it appears that there was "more or less," and we have nothing to do with the question of amount. It follows that there was such property for assessment, and the remaining inquiry is, was it assessable in the town of Solon? Although the plaintiff resided in Cedar county, he was doing business in Johnson county. It does not appear from the facts certified, whether he was doing business in Cedar county, except such as might be assumed as incident to a residence there, as the care of his property, and the like. It is provided by Code, section 806, "When a person is doing business in more than one county, the property and credits existing in one of the counties shall be listed and taxed in that county, and the credits not existing or pertaining especially to the business of any county, shall be listed and taxed in that where the principal place of business may be." The section is of somewhat doubtful application where the person is doing business in more than one county, unless the business in the different counties is of the same kind; but, if the section is to be applied only where the business is the same in the different counties, the application must arise from inference, and not from express terms. We may aid this inquiry by a reference to section 815, of the Code, which is the one as to assessment of stocks of

merchandise, to which section 806 also applies. If A. resides in one county, and is conducting a mercantile business in another, in which county would the stock of merchandise be assessed? Manifestly, we think, in the county where the business was done. Any other rule would be so impracticable as to make it impolitic. If this conclusion is right, it must have its support in section 806, for we find no other section of the law applicable to such a question. It may be true that, in the absence of any other rule, personal property is assessable where the owner resides, as claimed by appellant. We base our holding on section 806. That section, with unimportant changes, was in the Code of 1851; and in *Lemp v. Hastings*, 4 G. Greene, 448, it was considered argumentatively, and it is there said: "If a party has most of his capital invested in an established store in Muscatine county, whence he derives his profits and incomes, and resides in Scott county, it could hardly be regarded as a fair construction of the above sections, to say that his property and credit existing in Muscatine county, should yield their revenue to Scott. That county in which his business is established, and which furnishes the protection, security, and profit to his property, should derive its appropriate revenue therefrom. Such should be the policy of revenue laws, and such we believe to be the spirit and intention of the Code." The law which relates to such assessment was then as it is now, and it will be observed that the application is made in a supposed case where the party merely resides in one county and does business in another. The same rule is certainly applicable to manufacturing industries, for the law says "doing business" in more than one county, which term includes both manufacturing and mercantile pursuits.

Some importance is attached to the fact that the business of Solon was only carried on during a part of

the year, and that in November of each year, the teams and other personal property used in carrying on the business, were removed to Cedar county, where the plaintiff resided. The property assessed, however, was not removed. It was closed out by sale, each year, and the business resumed the following spring. The interruption in the business was only during a part of the year, when the cream, for making butter, could not be obtained in sufficient quantities. It was not an ending, or quitting, of the business. The lease of the premises, and the purpose to continue the business, existed. It was simply a suspension during the winter season, as a business expedient. We think the conclusion of the district court correct.

II. The case of *Dean v. Maher, County Treasurer*, grows out of the seizure, by the treasurer, of certain property, for the taxes in question, and it is controlled by the conclusion in the case we have considered. In both cases, the judgment is AFFIRMED.