## APPEAL OF THE IOWA PIPE AND TILE COMPANY, From the Action of THE BOARD OF EQUALIZATION, of the City of Des Moines.

**Taxation: MANUFACTURER.** A corporation engaged in the manufacture and sale of sewer pipe and drain tile, made of clay taken from the land of the company, water from the river, and salt purchased from various individuals, is a manufacturer within Code, section 816, providing that any person who purchases, receives or holds personal property of any description, for the purpose of adding to the value thereof by any process of manufacture, or by combination of different materials, with a view of making gain or profit, shall be held a manufacturer, and he shall list for taxation the average value of such property in his hands.

**MATERIAL IN MANUFACTURE.** The coal and labor employed by a company engaged in the manufacture and sale of sewer pipe and drain tile, are not material entering into the combination within Code, section 815, providing that the average value of the property in the hands of a manufacturer, shall be estimated for the purpose of taxation only upon those materials which enter into the combination or manufacture.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

THURSDAY, FEBRUARY 4, 1897.

APPEAL from the judgment of the district court, upon the appeal of the Iowa Pipe and Tile Company, from the action of the Board of Equalization of the city of Des Moines, in assessing the said company in the sum of ten thousand dollars for capital employed in manufacture.—*Affirmed.*

*J. K. Macomber, A. P. Chamberlain,* and *W. G. Harvison* for Board of Equalization, appellant.

*Bishop, Bowen & Fleming* for Iowa Pipe and Tile Co., appellee.

DEEMER, J.—The assessor of the city of Des Moines assessed the Iowa Pipe and Tile Company in the sum of ten thousand dollars for capital employed in manufacture.  The company appeared before the Board of Equalization and asked that said assessment be canceled.  This request was refused, and the company appealed to the district court.  The district court found that the petitioner and appellant was liable to assessment in the sum of one thousand and fifty dollars, and no more, and ordered that the original assessment be reduced to that amount.  The Board of Equalization appeals.

It appears that the Iowa Pipe and Tile Company is a corporation, engaged in the manufacture and sale of sewer pipe and drain tile.  Clay, water and salt are the ingredients entering into its manufacture.  The clay is taken from the land of the company, near the works, the water is pumped from the Des Moines river by the company, and the salt is purchased from various individuals.  The average amount of pipe and tile carried by the appellee during the years 1893 and 1894, at manufacturers' prices, was twenty thousand dollars.  The material entering into it, however, was not worth to exceed two thousand and forty dollars.  All the balance was represented in the labor necessary for its creation.  The court below found that the appellee was engaged in manufacture, and was assessable under section 816 of the Code, the material parts of which are as follows:  "Any person who purchases, receives, or holds personal property of any description, for the purpose of adding to the value thereof by

any process of manufacture, * * * or by the combination of different materials, with a view of making gain or profit by so doing and by selling the same, shall be held to be a manufacturer for the purposes of this title, and he shall list for taxation the average value of such property in his hands, estimated as directed in the preceding section; but the value shall be estimated upon those materials only which enter into the combination or manufacture."

Appellant contends that the property should have been assessed under the preceding section, which provides that "any person owning, or having in his possession, or under his control, within this state, with authority to sell the same, any personal property purchased with a view of its being sold at a profit, * * * shall be held to be a merchant for the purposes of this title; such property shall be listed for taxation, and in estimating the value thereof, the merchant shall take the average value of such property in his possession or under his control during the year next previous to the time of assessing. * * *" The sole and only question to be determined is whether the appellee is a "merchant" or a "manufacturer," as the terms are used in the statutes just quoted. The point is so narrow that argument or illustration is of little or no value, and we content ourselves by saying that we think the case falls squarely within the terms of section 816 of the Code, and that appellee is a manufacturer and not a merchant. It cannot be taxed under both classifications. It is one or the other for the purposes of taxation, and we are of the opinion that it is a manufacturer.

Appellant contends that the court below should have taken into account the fuel consumed by appellee in the manufacture of its product. The statute does not so provide. On the contrary, it says that the estimate shall be on those materials only which enter

into the combination or manufacture. The coal used by the appellee was used for the purpose of burning the tile, but did not enter into it. The labor employed by the company was not material entering into the combination. *Vide, Dean v. Town of Solon*, 97 Iowa, 303 (66 N.W. Rep. 182). The case of *McConn v. Roberts*, 25 Iowa, 152, is not in point. The court correctly held that the appellee was a manufacturer, and properly assessed it as such.—AFFIRMED.