## IN RE APPEAL OF TRUSTEES OF IOWA COLLEGE.

**TAXATION:** Endowment Lands. Real estate which is owned by
1  an educational institution of this state as a part of its endowment fund is exempt from taxation to the extent of 160 acres in any civil township, even though such township is coterminous with a city, and even though such real estate consists of ordinary city lots.

**WORDS AND PHRASES:** "Real Estate." The term "real estate"
2  includes city lots.

**TOWNSHIPS:** When Coterminous with City. A civil township con-
3  tinues to legally exist, even though its boundaries are coterminous with the boundaries of a city, and even though the ordinary duties of township officers are performed by the municipal authorities.

**COUNTIES:** Division into Civil Townships. It will be presumed
4  that a county has been divided into civil townships by the board of supervisors, as commanded by law.

**TAXATION:** Endowment Lands. On a plea by an educational in-
5  stitution of this state that certain endowment lands belonging to it are exempt from taxation, the burden is on the public authorities to show, if such be the case, that such institution has already been granted an exemption of 160 acres on like lands in the civil township in question.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

FEBRUARY 17, 1919.

APPEAL from an order denying exemption of certain property from taxation.—*Reversed.*

*Kindig, McGill, Stewart & Hatfield,* for appellant.

*Schmidt & Pike, Geo. W. Kephart,* and *B. I. Salinger, Jr.,* for appellee.

LADD, C. J.—On December 2, 1916, M. C. Davis and his wife, May J. Davis, of Sioux City, conveyed to the trustees of Iowa College Lots 1 and 2 and Outlot C, to the west, in Block 6 in St. Aubin's Third Addition to Sioux City, on which there were four dwelling houses, Lot 8 in Block 1909, with house numbered 1105–1107, Lot 4 in Block 15, with house thereon, east 60 feet of Lots 1 and 15 in Block 3 in South Smith's Villa Addition, with house thereon, the east half of Lot 13 and all of Lot 14 in Block 2 in Hornick's Addition, with house thereon, and Lot 13 in Block 5 in North Sioux City.

1. TAXATION: endowment lands.

On March 3, 1917, written application was made to the city assessor of Sioux City that the real estate above described be entered on the assessment rolls as exempt from taxation, by virtue of Section 1304 of the Supplement to the Code, 1913. The assessor refused so to do; whereupon the matter was taken before the board of review for consideration, and on April 13, 1917, the action of the assessor was approved. The trustees of Iowa College appealed to the district court of Woodbury County, where the board of review moved that the petition be dismissed, on the grounds: (1) that Section 1304 of the Supplement to the Code, 1913, does not exempt from taxation property

such as described,—that is, city property, or property held in a city, the income of which is used as an endowment of an educational institution; and (2) for that the board of review might not exempt said property from taxation, and suit by injunction would be the proper remedy, if wrongfully assessed. The court sustained the motion on the first ground and overruled it on the second, and entered a decree dismissing the petition. From his order, the trustees appealed.

Prior to the enactment of Chapter 54 of the Acts of the Thirty-second General Assembly, there was no exemption from taxation of realty owned by colleges as part of their endowment fund. That chapter amended Section 1304 of the Code by adding, after the semicolon following the word "incorporation" in the last line of Paragraph 2 of said section, the following:

"Provided, however, that real estate owned by an educational institution of this state, as part of its endowment fund, shall not be taxed."

A public library was held to be an educational institution, within the contemplation of this provision, in *Webster City v. Wright County,* 144 Iowa 502; and, in *Ellsworth College v. Emmet County,* 156 Iowa 52, so large a body of land belonging to Ellsworth College was held to be exempt from taxation as to embarrass the public officers in the discharge of their duties. Chapter 61 of the Acts of the Thirty-fourth General Assembly repealed the above provision, and substituted therefor the following:

"Real estate to the extent of not to exceed one hundred and sixty acres in any civil township, owned by any educational institution of this state as a part of its endowment fund, shall not be taxed."

Under the first amendment to Section 1304 of the Code, there can be no doubt that "real estate" included urban property, as well as farm lands. Either, if held by an edu-

cational institution as part of its endow-
ment, was exempt from taxation. Although
the amendment was repealed, there is no
reason for saying that the words "real es-
tate" were employed in any other sense in the substitute
enacted by the thirty-fourth general assembly. The limita-
tion was of the area which should be exempt, and not of
the kind of realty, whether urban or rural, platted or un-
platted. Only the limited area in a single civil township
was made exempt.

A civil township is merely a legal subdivision of the
county for governmental purposes. *Township of West
Bend v. Munch,* 52 Iowa 132. The several counties are di-
vided into civil townships by the respective
boards of supervisors, and incorporated
towns and cities are either coterminous with
the civil townships including them or are
contained therein.

Section 551 of the Code provides that:

"The board of supervisors of each county shall divide
the same into townships, as convenience may require, defin-
ing the boundaries thereof, and may from time to time make
such alterations in the number and boundaries of the town-
ships as it may deem proper; but if the congressional town-
ship lines are not adopted and followed, the board shall not.
change the lines of any civil township so as to divide any
school township or district, unless a majority of the voters
of said school township or district shall petition therefor."

The section following provides that:

"Where the boundaries of any city have been changed,
the board of supervisors of the county in which the same
is situated shall have power to change the boundary lines
of townships so as to make them conform to the boundaries
of the city, and to make such other changes in township
lines, and the number of townships, as it may deem neces-

2. WORDS AND
PHRASES:
"real estate."

3. TOWNSHIPS:
when cotermi-
nous with
city.

sary; but no action shall be taken affecting the boundaries or existing conditions of school districts."

Code Section 554 provides for the division of a township containing a city or town into two townships, one to embrace the territory without, and the other within, the city limits.

If not acting under special charter, and the town or city constitutes one or more civil townships, the boundary lines of which coincide throughout with the boundary lines of the township, the offices of the township clerk and trustees are abolished. Section 560, Code Supplement, 1913.

It is to be inferred that the board of supervisors performed their duty under Section 551 by separating the county into civil townships; and from the sections following it is equally apparent that the existence of an incorporated town or city does not obviate such division. In those municipalities where the boundaries of the civil township coincide with those of the township, the duties of the clerk and trustees are performed by the city or town clerk and the council. That the offices of a civil township are abolished, and the duties thereof performed by the city or town clerk and council, is not inconsistent with the continued existence of the civil township; and, as the board of supervisors are required to separate the county into civil townships, this is presumed to have been done, and therefore the several lots owned by the trustees of Iowa College are presumed, without other proof, to be included in the civil township, either coterminous with the city or within boundaries such as might be created by the board of supervisors.

It is argued, however, that there is no showing that 160 acres of land in the township had not previously been set apart as exempt to Iowa College as a part of its en-

4. COUNTIES: division into civil townships.

dowment fund. All lands are presumed to
**5. TAXATION:** be subject to taxation; and, in the absence
endowment
lands.        of any showing to the contrary, it cannot
be assumed that other lands have been exempted to the
college, and the trustees were not required, in order to make
out its case, to negative an inference to the contrary.

It is also suggested that the area of the several lots
was not shown not to exceed 160 acres. This is true, but
the real estate described was exempt up to 160 acres in
area, and if it exceeded this amount, only enough to equal
that area will be exempted in the decree entered in the
district court.

The decree will be entered in the district court in har-
mony with this opinion, and the cause is remanded for that
purpose.—*Reversed.*

GAYNOR, PRESTON, and SALINGER, JJ., concur.