F. F. FROST et al., Appellees, v. E. R. BENNETT, County Treasurer, Appellant.

**TAXATION:** Exemption—Educational Institutions. Real estate not exceeding 160 acres in any civil township, owned by an educational institution of this state, is exempt from taxation, even though it is under long-time lease, and extensively bettered in the way of improvements by the lessee, the lease providing that all improvements shall be deemed a part of the realty.

Headnote 1: 37 Cyc. p. 935 (Anno.)

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 17, 1925.

ACTION to enjoin the defendant, as county treasurer, from selling certain real estate for taxes. The district court granted the relief prayed for, and defendant appeals.—*Affirmed.*

*George F. Henry,* for appellant.

*Parrish, Cohen, Guthrie & Walters* and *Casper Schenk,* for appellees.

ALBERT, J.—During the years of 1909 and 1910, Des Moines University acquired the three lots in controversy herein. These lots were held by the university and carried as a part of the endowment fund of the institution. The aggregate frontage is 150 feet; and originally there were two houses on these three lots, the south one being used as an administration building, and the north house being used by students for a fraternity house.

On the 22d of November, 1919, the university leased these three lots to F. F. Frost and Roy E. Cubbage, under a 99-year lease, at an annual rental of $375. The lease provided that they should keep the buildings in repair, and that they might remodel, change, add to, tear down, or remove said buildings and construct others in place thereof, but that any alteration or change should leave buildings of equal quality, character, and value. It further provides that any building erected by lessees, or improvements made, should attach to and become a part of the real estate. It gave the lessees the option to purchase, at any time during the lease, on a payment of $7,500, and further provided that, on the termination of the lease, either by lapse of time or otherwise, the lessees would promptly turn over the leasehold premises to the lessor, together with all buildings and improvements thereon.

Upon the execution of the lease, lessees proceeded to reconstruct the two buildings, connecting them by building in the intervening space, and making an apartment building known as ''The Gables,'' consisting of 14 apartments of three rooms each. In pursuance of the terms of the lease, the university loaned to the lessees the sum of $40,000 from their endowment

fund, for the purpose of reconstructing said buildings, and took a mortgage thereon for said amount.

The terms "Union College," "Des Moines College," and "Des Moines University" all refer to the same corporation, being different names assumed by the corporation at different times.

Carrie T. Cubbage, the wife of Roy E. Cubbage, succeeded to his interest in the property by will, on the death of the said Roy E. Cubbage.

In January, 1921, the city assessor of the city of Des Moines, in his assessment roll, undertook to assess said buildings and real estate. The assessment roll, in substance, is in the statutory form, and under the word "name" are the words "Des Moines College." Under the description of the property are the three lots referred to herein, valued at $6,500. Beneath this it reads as follows:

"Value of lot, $3,000, value of bldg. $62,000, 14 apts., 3 rooms each, built on leased ground. Lease to F. F. Frost, 99 years."

The appellee says that the appellant, as county treasurer of Polk County, is now threatening to collect a tax of $2,665 and penalties, based upon said assessment; and claims that the same is exempt from taxation, and that said assessment is illegal and void; and asks that the defendant be enjoined from claiming or collecting tax against said property under the assessment to which reference is made above.

It is undisputed in the record that the lots above described, together with the buildings that were originally on said lots, were a part of the endowment fund of said college. It is claimed that, under the terms of the lease, whatever repairs, additions, reconstruction, or rebuilding of the dwellings on that property were made, the same are, between the parties to the lease, made a part of the real estate; and so being, under the statutes hereinafter referred to, are exempt from taxation.

The section of the statute involved is Section 1304 of the Supplement to the Code, 1913, which deals with grounds and buildings used for literary, scientific, charitable, benevolent, and religious purposes, and exempts them when they do not exceed 160 acres in extent, and are not leased or otherwise used for

pecuniary profit. Under this part of the section, the appellant claims that this property is subject to taxation. The latter part of Subdivision 2, however, seems to be independent, and to cover an entirely different subject. It reads:

"Real estate to the extent of not to exceed 160 acres in any civil township, owned by any educational institution of this state as a part of its endowment fund, shall not be taxed."

It is conceded in the case, or at least undisputed under the evidence, that the college is an educational institution not organized for pecuniary profit, and that the real estate in controversy comes within the exemption above provided for as it is undisputedly shown that it belongs to the endowment fund of said college; and, as the last part of the aforesaid section above quoted is an absolute prohibition against taxing property that belongs to the endowment fund, little discussion need be made, and little can be said as to why this section of the statute should not apply in its fullness.

If, under the terms of this lease, it is to be held that, for all purposes, or at least for taxation purposes, the reconstructed building is a part of this real estate, it necessarily follows that, under the aforesaid section of the statute, whatever the additional value that may have been added to said real estate by the reconstruction of said buildings, it is still real estate, and is not subject to taxation, under the said exemption statute. If, on the other hand, the building should be considered to come within Section 1350 of the Code of 1897, then the added value of the buildings of course would not be taxable to the college. In either event, under the aforesaid Section 1304 of the 1913 Supplement, no tax could be assessed against this real estate.

Aside from a statement in the pleadings of the defendant, there is no showing in the record that there was any attempt to exercise the rights of taxation provided for under Section 1350 of the Code of 1897, and there is no showing that any of the taxes referred to herein were assessed against Frost and Cubbage under the claim that the building was personal property; and we are not to be understood as expressing any opinion on the right to assess the building against Frost and Cubbage. Our

holding is limited to a single proposition: that no tax should be levied against the university. Therefore, the ruling of the district court was right.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.