BOARD OF DIRECTORS OF THE FORT DODGE INDEPENDENT SCHOOL DISTRICT, Trustees, Appellant, v. BOARD OF SUPERVISORS OF WEBSTER COUNTY et al., Appellees.

No. 45215.

JUNE 18, 1940.

F. H. Helsell and Wm. S. Burnquist, for appellant.

R. A. Knudson, County Attorney, and Donald J. Mitchell, Assistant County Attorney, for appellees.

SAGER, J.—The will of one Hawley contained this provision:

"To the School District of Fort Dodge, Iowa, and the Directors there of ten thousand ($10,000.00) Dollars as provided in said will, to-wit: In trust, to be by said Board invested in safe interest bearing securities, as a perpetual fund for the founding of one or more scholarships to be known as the 'Henry W. Hawley, Scholarship of the Fort Dodge High School', for the purpose of aiding worthy graduates of that school in obtaining a collegiate education; only the income of said fund to be used for this purpose. The trustees of this fund shall invest the same to the best advantage and disburse the interest as herein directed. On the first commencement of said school following the collection of the first yearly interest and annually thereafter the said Board and the Superintendent of said School, shall elect from its graduates, one or more, who shall have, by his or her proficiency in their studies, shown themselves worthy to be aided in obtaining a collegiate education, and the preference to be given to those who have not means of their own, and no discrimination be made between male and female applicants. Said Board of Directors shall determine the amount to be paid to each beneficiary, and shall pay the same to him or her from time to time, as needed, until he or she shall have completed or abandoned college studies. Should any one chosen as a beneficiary become, in the opinion of said directors, unworthy of such aid, said Board shall discontinue such aid."

The bequest herein provided for was invested in mortgages which were foreclosed with the result that the trustees hold five pieces of real estate instead of evidence of debt. It is to recover taxes paid on such real estate and prevent further collection that this action is brought.

Appellant bases its claim on these provisions of the Code, 1935, section 6944:

"The following classes of property shall not be taxed: * * * 2. *Municipal and military property.* The property of a county, township, city, town, school district, or military company, when devoted to public use and not held for pecuniary profit. * * * 11. *Property of educational institutions.* Real estate owned by any educational institution of this state as a part of its endowment fund, to the extent of one hundred sixty acres in any civil township."

Appellant argues that the beneficiary is an educational institution and that the property is devoted to a public use within the meaning of subsections of section 6944, above quoted. With these propositions the trial court did not agree, nor do we. Plaintiff is met at the outset with the rule universally announced in tax exemption cases. We said in Readlyn Hospital v. Hoth, 223 Iowa 341, 344, 272 N. W. 90, 91, Kintzinger, J., speaking for the court:

"Statutes passed for the purpose of exempting property from taxation must be strictly construed, and if there is any doubt upon the question it must be resolved against the exemption and in favor of taxation. The exemption is not to be made by judicial construction, but anyone claiming exemption from taxation under a statute must show clearly that the property is exempt within the terms of the constitution and the statute."

See also Grand Lodge A. O. U. W. of Iowa v. Madigan, 207 Iowa 24, 222 N. W. 545; and Theta Xi Bldg. Assn. v. Board of Review, 217 Iowa 1181, 251 N. W. 76.

That the Fort Dodge Independent School District is an educational institution may be conceded for the purposes of this case; so, too, that if the real property was an endowment for the use of the district, it would be exempt from taxation. The weakness of appellant's contention lies in the fact that the school district as such is not the beneficiary of the trust. It gets nothing of the income and the burden upon the taxpayer within the district is reduced not one penny by reason

of the existence of this trust. Not a dollar is devoted to the "public use." It will be observed that the trust is created "for the purpose of aiding worthy graduates of that school in obtaining a collegiate education." The beneficiary then is not the school district. None of the income can be nor has been used for any public purposes in the sense that the burden of the taxpayer within the district is in any way reduced. The beneficiaries are those students who pass the test of the scholarship and the scholarships may be awarded to institutions of the student's own choosing, though since the establishment of a junior college in Fort Dodge, it has been sought to induce, but not to compel, attendance there. The result then is precisely as it would have been had the trust been vested in any other individual, group or corporation qualified by law to act. The designation of the board of directors of the school district as trustee does not change the character of the trust. This was not, as we read it, an endowment for the benefit of the school district but for that of certain individuals whose identity for the future at least has not been determined.

Appellant insists that our decisions are to the contrary, but we do not so read them. These are the cases cited and briefly what they hold:

Webster City v. Wright County, 144 Iowa 502, 123 N. W. 193, 24 L. R. A., N. S., 1205, holds that a free public library is an educational institution. Ellsworth College v. Emmet County, 156 Iowa 52, 56, 135 N. W. 594, 596, 42 L. R. A., N. S., 530, decides that a devise to trustees who are directed to sell lands and pay the proceeds to "the trustees of [the] * * * College * * *, for the sole use [thereof] * * * as an endowment fund," was tax exempt. The case is likewise authority for appellees' contention that while the trustees held the legal title, the equitable ownership was in the beneficiaries— here, the scholarships. In re Appeal of Trustees, 185 Iowa 434, 170 N. W. 813, involved lots conveyed directly to the trustees of Iowa College. The question before us now is not raised. City of Osceola v. Board, 188 Iowa 278, 176 N. W.

284, only holds that the incidental benefit derived by the city in renting lands, seeded to prevent erosion, around a municipal reservoir, did not destroy the tax exempt character of such land. Frost v. Bennett, 199 Iowa 744, 202 N. W. 776, decides that the renting of lots, admittedly a part of a college endowment, did not make the property taxable, especially in view of the fact that all betterments inured to the benefit of the college. McColl v. Dallas County, 220 Iowa 434, 438, 262 N. W. 824, 826, is concerned with a bequest for the establishment of a seminary of learning in Dallas county. It was there said:

"We cannot escape the conclusion that this fund became a part of the school fund of Dallas county, and that it can never be used for any purpose other than the establishment of a seminary of learning as provided by the terms of the gift."

We have purposely refrained from discussing the other citations of the parties because our statutes and decisions on the subject control. The trial court filed no written opinion so we do not know the reasoning upon which its conclusion was based, but its decision was right. It is, accordingly, affirmed.—Affirmed.

HAMILTON, C. J., and OLIVER, HALE, MILLER, STIGER, BLISS, and RICHARDS, JJ., concur.

MITCHELL, J., takes no part.