MILDRED WEIS LICHTY, Appellee, v. BOARD OF REVIEW OF WATERLOO, Appellant (and four other cases).

No. 45591.

JUNE 17, 1941.

REHEARING DENIED OCTOBER 17, 1941.

Worthen & Taylor, for appellees.

W. L. Beecher, for appellant.

OLIVER, J.—This is a suit in equity involving exemption from taxation of certain shares of the capital stock of Central Fibre Products Co., Inc., a foreign corporation, held by individual stockholders, residents of Iowa. The corporation owned and operated a total of five strawboard mills in Kansas, Illinois, Indiana, and at Tama, Iowa, and manufactured strawboard, egg case fillers and flats. In addition thereto, its branches, at Tama and Waterloo, Iowa, engaged in the business of buying and reselling merchandise not of its own manufacture, consisting of wood egg cases, poultry shipping boxes, and other supplies for egg and poultry dealers. Taxes were paid by the corporation upon property at Tama, assessed as real estate at $111,402, personal property at Waterloo, assessed at $1,884, and personal property at Tama, assessed at $19,200. A substantial portion of this personalty was merchandise purchased from others for resale. Annual sales of its Iowa branches totaled about 1½ million dollars of which 63 percent was goods of its own manufacture, and 37 percent was merchandise purchased from others for resale. Total outstanding capital stock of the company was valued at about 3 million dollars and the stock here in question belonging to residents of Iowa at about $310,000.

This stock was assessed for taxation in 1939. The stockholders filed complaints with the Board of Review of Waterloo, asserting it was exempt. The Board of Review overruled the complaints and confirmed the assessment and the stockholders appealed to the District Court, the appeals being consolidated by agreement. The decree of the district court cancelled and annulled said assessment and the Board of Review has appealed to this court.

Appellees concede the capital stock of corporations owned by residents of the state is taxable except as specifically exempted. They rely upon section 6944, Code of Iowa, 1939, which provides in part:

"The following classes of property shall not be taxed: * * *

"(20) The shares of capital stock of * * *, corporations engaged in merchandising as defined in section 6971, domestic corporations engaged in manufacture as defined in section 6975, * * *."

According to the stipulated facts the business conducted by this foreign corporation in Iowa was both manufacturing and merchandising, under the definitions in said Code sections. It will be noted that if the corporation be regarded as engaged in manufacture, its stock was not exempted from taxation because the statute specifically limits exemption in such cases to stock of domestic corporations. One of the principal questions for determination is the proper classification of this corporation under the afore-mentioned exemption provisions. Appellant would classify it as a corporation engaged in manufacturing, appellees as one engaged in merchandising.

As concerns the question of exemption of shares of its stock from taxation, the foreign corporation cannot be both a manufacturer and a merchant. It is either one or the other for said purpose. See Appeal of the Iowa Pipe and Tile Co., 101 Iowa 170, 70 N. W. 115. The statute does not provide for partial exemption. And those claiming the statutory exemption must show clearly that the property is exempt within the terms of the statute, all doubts being resolved against the exemption and in favor of taxation. Board of Directors v. Board of Supervisors, 228 Iowa 544, 293 N. W. 38; Readlyn Hospital v. Hoth, 223 Iowa 341, 272 N. W. 90.

No Iowa case directly in point has been called to our attention. But we think it proper and reasonable that shareholders of a corporation who contend the character of its operations are such as to exempt their stock from taxation must, in order to sustain such claim, show that the classification relied upon constitutes the main business of the corporation. A contrary

rule would not accord with our holdings that such statutes should be strictly construed and would tend to broaden them unduly.

Here the factual situation is not complicated. The principal business of the corporation was the manufacturing conducted in its five plants. In connection with the disposition of its manufactured products the corporation, no doubt, found it advantageous to sell, at its Iowa branches, related products manufactured by others. Although the volume of such goods sold was substantial, this merchandising appears to have been subsidiary to its manufacturing business and in part incidental thereto. Resale of goods purchased from others amounted to only 37 percent of its Iowa Sales. This percentage would be much lower if all sales of goods manufactured in the various plants be taken into account. Incidentally, the assessed value of its personal property in Iowa was relatively small compared to its total assets. The assessed value of the personalty was also much less than that of the Iowa real estate which presumably included the plant and machinery at Tama. It is quite apparent the main business of the corporation was not merchandising.

Under the record we conclude the corporation should be classified, for the purposes of the capital stock tax exemption statute, as engaged in manufacture rather than in merchandising and, since it was a foreign corporation, that the shares of its stock owned by appellees were not exempted from taxation. This conclusion results in a reversal of the decree of the trial court and renders unnecessary the determination of appellant's additional contention that statute exempting from taxation shares of stock of corporations engaged in merchandising applies only to domestic corporations.—Reversed.

HALE, C. J., and GARFIELD, SAGER, BLISS, MILLER, and WENNERSTRUM, JJ., concur.