HOWARD H. CHERRY, Appellant, v. BOARD OF REVIEW OF CITY OF CEDAR RAPIDS et al., Appellees.

No. 46948.

MARCH 11, 1947.

A. H. Sargent, of Cedar Rapids, for appellant.

Dwight W. Krumboltz and Donald E. Smith, both of Cedar Rapids, for appellees.

MANTZ, J.—All of the evidence in this case appears in the form of an agreed stipulation. Howard H. Cherry, plaintiff herein, a resident of Cedar Rapids, Linn County, Iowa, prior to and since 1942 was the owner of certain shares of stock —four thousand common and two hundred preferred—in the Cherry-Burrell Corporation, a foreign corporation incorporated in the state of Delaware, and engaged in the manufacturing and merchandising of certain equipment and articles used in the dairy industry and also in the buying and selling of various items connected with such industry. This corporation has three manufacturing plants: one at Cedar Rapids, Iowa; another at Milwaukee, Wisconsin; and a third at Little Falls, New York. It sold such products at the Cedar Rapids plant and also at about fourteen other places in the United States and outside of Iowa. Another was at Toronto, Canada. No sales were made at the Milwaukee or Little Falls plants. The general offices of the company were in Chicago.

Over protests of the plaintiff, the Board of Review of the City of Cedar Rapids, Linn County, Iowa, assessed plaintiff's stock as moneys and credits for the years 1942, 1943, 1944, and 1945. Proper appeals were taken to the district court of Linn County, Iowa. That court confirmed and approved the action of the assessing board. Plaintiff objected to the assessment on the ground that under the law the corporation, so far as the taxation of its stock was concerned, was a merchant rather than a manufacturer, by reason of the provisions of section 6971, Code of 1939 (section 428.16, Code of 1946), and being such merchant its stock was exempt from taxation by virtue of section 6944, Code of 1939 (427.1, Code of 1946).

Following the judgment and decree of the trial court this appeal was taken.

In this opinion we will refer to the Cherry-Burrell Corporation as the corporation; Howard H. Cherry, whose shares of stock were assessed, as the appellant; and the Board of Review of Linn County, Iowa, et al., as the appellees.

Appellant argues that in determining the question as to whether or not the corporation is to be classed as a merchant or as a manufacturer, for the purposes of taxation, the entire business of the corporation, both within and without the state, is to be considered. On the other hand, appellees claim that to determine such question the only business to be considered is that carried on in Iowa.

The trial court adopted the claim as set forth by the appellees, holding that, considering the Iowa business only of the corporation, it was a manufacturer and not a merchant. This is the sole question in the case.

In determining this question certain statutes are involved. We have already referred to two of them. We think that section 6985, Code of 1939 (section 429.2, Code of 1946) is also to be considered. Following are the statutes referred to:

Section 429.2, Code of 1946, provides:

"Moneys—credits—annuities—bank notes—stock. Moneys, credits, and corporation shares or stocks, *except as otherwise provided* * * * shall be assessed and * * * shall be taxed upon the uniform basis throughout the state of five mills on the dollar of actual valuation, same to be assessed and collected where the owner resides." (Italics supplied.)

Section 427.1, Code of 1946 (section 6944, Code of 1939), provides:

"Exemptions. The following classes of property shall not be taxed. * * * 20. Capital stock of utility companies. The shares of capital stock of telegraph and telephone companies, freight line and equipment companies, transmission line companies as defined in section 437.1, express companies, *corporations engaged in merchandising* as defined in section 428.16, domestic corporations engaged in manufacturing as defined in

section 428.20, and corporations not organized for pecuniary profit." (Italics supplied.)

Section 428.16, Code of 1946 (section 6971, Code of 1939), provides:

" 'Merchant' defined: Any person, firm, or corporation owning or having in his possession or under his control within the state, with authority to sell the same, any personal property purchased with a view to its being sold, or which has been consigned to him from any place out of this state to be sold within the same, or to be delivered or shipped by him within or without this state, except a warehouseman as defined in section 542.58, shall be held to be a merchant for the purposes of this title."

Considering the above statutes in the light of the stipulated facts, it will readily be seen that the question for determination is whether or not the corporation is a merchant within the meaning of said section 428.16, Code of 1946.

Before proceeding with the consideration of such matter, we call attention to a rule of law of our state respecting the taxation of property and the exemption therefrom. Taxation of property being the rule, the burden is upon the one claiming such exemption to show that the property is. exempt within the meaning of the statute. Board of Directors v. Board of Supervisors, 228 Iowa 544, 293 N. W. 38; Readlyn Hospital v. Hoth, 223 Iowa 341, 272 N. W. 90; Lichty v. Board of Review, 230 Iowa 756, 298 N. W. 654.

In this case the burden is upon appellant to show that the stock sought to be held exempt comes within the rule of the statute. As concerns the question of exemption of shares of its stock from taxation, a foreign corporation cannot be both a manufacturer and a merchant. Lichty v. Board of Review, supra; Sturges v. Carter, 114 U. S. 511, 5 S. Ct. 1014, 29 L. Ed. 240.

The business of the corporation was widespread. It was in the field of dairy equipment and supplies and embraced both manufacturing such products and buying from others for resale. But one of the manufacturing plants of the corporation is located in Iowa, that being at Cedar Rapids, the others being

at Milwaukee, Wisconsin, and Little Falls, New York. At the last two manufacturing plants there were no sales divisions. At the Cedar Rapids plant there was a sales division. Many sales divisions or branches were outside the state of Iowa. As regards the goods manufactured at the three plants, they were transferred by the plant manufacturing same to the sales division of the corporation where required for the filling of orders, by transfer of inventory, these being made at the actual manufacturing costs.

As we understand this method—that is, the transfer by inventory of the manufactured items at the manufacturing plants at Milwaukee and Little Falls—it was simply a bookkeeping matter carried on between various divisional organizations within the corporation. Such transfers did not divest the products of being manufactured products of the corporation, no matter when or where sold. Such products would necessarily be classed as sales of products manufactured by the corporation.

Appellant stresses the claim that it is the sum total of the corporation's business which determines the value of the stock held by him in the corporation. This is doubtless true, but, on the other hand, the different factors which enter into the value of the corporation stock can hardly be determinative of its right to exemption under the taxing statute. The law contemplates that property shall be taxed. The stock (preferred and common) was of substantial value: 1942, $59,000; 1943, $55,000; 1944, $71,000; 1945, $84,000—a total of $269,000.

We will go more into detail in an analysis of the stipulated figures relied upon by the opposing parties in support of their respective claims.

As a part of the stipulation the parties have set forth certain exhibits, being tables showing the manufacturing and merchandising business of the corporation for various years within and without the state of Iowa. Appellant places main reliance upon what is designated Exhibit 1 of such stipulation, while appellees rely upon Exhibits 2 and 9 thereof. Other figures and tables are set forth in the stipulation but these relate for the most part to capital investments, employment at the various places of business of the corporation, both manufac-

turing and merchandising, war work done, items jobbed, costs of operation, inventories, etc. These have been considered. Doubtless such enter into the value of the corporation stock and, while they are factors in the business of the corporation, we do not consider them as determinative of the present controversy. The parties argue that a consideration and analysis of Exhibits 1, 2, and 9 control in this case. We agree with them in this matter.

Appellant relies for the exemption claimed of the corporation shares upon the figures set forth in Exhibit No. 1 of the stipulation. This exhibit, designated an "analysis of sales" by the corporation of manufactured products and the jobbing merchandise (bought for resale), shows that the total of the manufactured products from 1929 to 1944 was $71,520,336.98, or 45.1 per cent of its business, and sales of jobbing merchandise for the same period were $87,361,710.64, or 54.9 per cent of its business. This purports to represent all sales, both in and out of Iowa.

Such exhibit shows that, for the four years for which appellant's stock was assessed, sales were as follows:

| | Manufactured Products | Jobbing merchandise |
|---|---|---|
| 1941 | $6,274,516.14 | $7,206,779.37 |
| 1942 | 5,279,830.00 | 7,700,048.00 |
| 1943 | 2,870,420.00 | 7,853,755.00 |
| 1944 | 5,122,089.00 | 8,782,171.00 |

On the other hand, appellees claim that under the terms of section 428.16, Code of 1946, the business to be considered manufacturing and merchandising is that carried on by the corporation within the state. Exhibit 2, which is designated "analysis of sales" carried on at the Cedar Rapids branch of the corporation, shows the following: Sales of manufactured products at such branch for the period from 1929 to 1944, both inclusive, were in the amount of $2,236,281.50, or 33.6 per cent, while the jobbing merchandise sold at said branch for the same period amounted to $4,409,859.80, or 66.4 per cent. Such Exhibit No. 2 shows that for the four years for which appellant's stock was assessed, sales were as follows at the Cedar Rapids branch:

| Manufactured Products | | Jobbing merchandise |
|---|---|---|
| 1941 | $209,695.43 | $366,945.47 |
| 1942 | 217,027.00 | 385,834.00 |
| 1943 | 79,957.00 | 346,595.00 |
| 1944 | 158,262.00 | 364,752.00 |

However, in considering the business done in Iowa, appellees claim that to the figures shown in Exhibit 2 there must be added to such manufactured products those set forth in Exhibit 9, being the value fixed by the cost price of articles manufactured at the Cedar Rapids plant and sold by the corporation at its various sales branches and covering the years 1933 to 1944 inclusive, which sales of manufactured goods at the Cedar Rapids plant amounted to $11,496,457.86. According to Exhibit 9 there were also sold at the various sales branches of the corporation finished machines and repair parts manufactured at the Cedar Rapids plant as follows:

| 1941 | $1,245,923.20 |
|---|---|
| 1942 | 857,774.00 |
| 1943 | 474,744.00 |
| 1944 | 866,212.00 |

By adding the sales in Iowa and elsewhere of the manufactured products of the corporation made in Iowa for the years of 1941, 1942, 1943, and 1944, as shown by Exhibits 2 and 9, we find such sales are greatly in excess of sales of the jobbing merchandise made during the same period in Iowa.

The appellees contended that the question raised was settled by this court adversely to the claim made by appellant in the case of Lichty v. Board of Review, supra. This case involved an appeal by various resident stockholders of Waterloo, Iowa, having shares of stock in a foreign corporation which owned and operated manufacturing establishments in Iowa, Kansas, Illinois, and Indiana, and engaged in the selling of its products and those bought for resale. The stock so held was assessed by the Board of Review of Black Hawk County, Iowa, as moneys and credits. The various stockholders appealed and the trial court reversed the finding of such board. On appeal to this court the action of the trial court was reversed and this

court held that as the manufacturing business of the corporation (Central Fibre Products Company, Inc.) exceeded its merchandising business within the state, the shares of stock in said company would not be exempt from taxation within the provisions of the Iowa law. Subsection 20, section 6944, Code of 1939 (section 427.1(20), Code, 1946); section 6971, Code of 1939 (section 428.16, Code of 1946).

In the Lichty case, as in the present case, the facts were stipulated. In the instant case the appellant argues that the Lichty case is not controlling here for the reason that in that case (Lichty) only the Iowa business was shown, while in the instant case there was shown the entire business of the corporation both within and without the state. This claim was made in the court below. The trial court, in a carefully written opinion and ruling, refused to adopt such claim as made by appellant. Following analysis of the Lichty case, the trial court said:

"It seems to me, however, from Section 6971, which limits and defines exemptions set out in Subsection 20 of Section 6944, that the amount of merchandise business conducted by the company outside of the state of Iowa, is not material, and cannot be taken into consideration. A 'merchant' under section 6971 must have in his possession or under his control within the state, with authority to sell the same, personal property purchased with a view to its being sold, or which has been consigned to him from any place out of this state to be sold within the same, or to be delivered or shipped by him within or without the state. The emphasis is at all times placed upon the words 'within the state.'"

A careful study of the record leads us to conclude that the trial court was right in its decree. There can be little doubt that section 6971 is a limitation upon subsection 20 of section 6944. It will be noted that in said section 6971 emphasis is placed upon that part "within the state." To adopt the claim made by appellant would amount to an elimination of that part of said section. The section in its entirety is plain and without ambiguity and it is not for us to presume or say that the legislature in enacting it intended to place words therein which were

meaningless. It is not for this court to pass upon the wisdom of legislative acts; that is something within the exclusive realm of the law-enacting branch of our state.

We agree with the ruling and decree of the trial court that there has been a failure on the part of appellant to show that the stock held by the appellant in the corporation is entitled to exemption under the statute. The record shows that within the state of Iowa the corporation is engaged in manufacturing rather than in merchandising and that, under the holding of this court in the Lichty case, its stock is assessable as moneys and credits, as provided for in section 6985 of the 1939 Code of Iowa (429.2, Code of 1946).

The ruling of the trial court was right and it is affirmed.—Affirmed.

All Justices concur.