## WALKER v. HUTCHINSON ET UX.

1. **Practice : SETTING ASIDE DEFAULT.** The action of the court below, in refusing to grant a default for want of an answer, will not be interfered with unless an abuse of discretion be shown.

*Appeal from Johnson Circuit Court.*

THURSDAY, MARCH 20.

THE petition in this cause was filed on the 10th day of January, 1876. The action is in equity, and involves the validity of a tax title. Defendants appeared and filed a motion in said cause on the 22d day of March, 1876. On the 22d day of March, 1877, the court made the following order:

"On motion of plaintiff it is ordered that this cause be continued, and that defendants have judgment for costs up to date, and defendants are ruled to answer within sixty days."

On the 26th day of May, 1877, the defendants having failed to answer, the plaintiff filed a motion for a default for want of an answer.

On the 24th day of September, 1877, before the commencement of the next term of said court, but on the day appointed for the commencement of the next term, the defendants filed the following affidavit:

"I, George J. Boal, having been duly sworn, say that after the last term of this court the plaintiff, by his agent and father, entered into such negotiations with this defendant, R. Hutchinson, as made a settlement of the suit pending more than probable, and answer in this cause wholly unnecessary; and defendant was requested, before making any further or any defence in said cause, to visit plaintiff and his father in Chicago and ascertain if a settlement of the controversy could not be effected without litigation; that this visit and attempted settlement at plaintiff's request postponed the answer until after rule day, and but for this answer would have been filed then."

At the same time the defendants presented an answer to plaintiff's petition. Thereupon the plaintiff filed certain affidavits controverting the affidavit of Boal.

Afterward the court overruled the motion of plaintiff for a default, the answer of defendants was filed, and the court on its own motion referred the cause to Hon. W. J. Haddock, to be tried in vacation. Plaintiff appeals.

*Edmonds & Younkin*, for appellant.

*Boal & Jackson*, for appellee.

ROTHROCK, J.—The plaintiff complains because his motion for a default was overruled, and the defendants were permitted

1. PRACTICE: setting aside default.

to answer. It will be observed that no judgment by default had been entered. The cause stood upon plaintiff's motion for a default because the defendants

had not answered within the sixty days. The question for our determination is, did the court abuse its discretion in holding that the resistance to the motion was sufficient to entitle the defendants to answer?

It has often been determined that setting aside a judgment obtained by default is a matter within the legal discretion of the court, and that this discretion should not be interfered with upon appeal excepting in cases where it clearly appears that it has been improperly exercised. This being the rule where a default has been allowed or entered, it should apply in all its force to a ruling upon a motion for a default.

An examination of the whole record in this case satisfies us that there is no good ground for a reversal of the ruling of the court below. It is true the affidavit in excuse of the failure to plead is controverted in some of its fact statements by the counter-affidavits, but we are not called upon to settle such conflict. We must accept the finding of the court below as correct upon the facts, the same as in any other case of conflict of evidence. There are many considerations in this record leading to the conclusion that the default was properly refused. Among these are the following: The character of the action was such as to lead to the conclusion that the defendants really desired to contest the claim made in the petition. The order continuing the cause was made at plaintiff's instance, and at his costs, thus showing that up to the time the rule to answer was entered the defendants had not been negligent in defending the action. It does not appear that any delay was occasioned by permitting the defendants to answer, because if they had answered within the rules the court could not have made the order of reference before the term at which it was made.

It is urged that the motion of the plaintiff should have been sustained because there was no affidavit of merits filed by defendants. Section 2871 of the Code, upon which plaintiff relies, provides that a default shall not be set aside

unless an affidavit of merits be filed, and a reasonable excuse shown for having made the default. But this was not an application to set aside a default. It was an application asking that a default be entered against the defendants, which they resisted by an affidavit in excuse, and by an answer exhibited with the affidavit.

We are the more ready to affirm the ruling of the court below because the parties are thus enabled to try the cause upon its merits—a right which all courts should endeavor to preserve, when it can be done without prejudice to any one, and without the violation of well-established rules.

AFFIRMED.