The City of Sioux City v. The Independent School District of Sioux City.

The City of Sioux City v. The Independent School District of Sioux City.

·1. **Taxation**: SCHOOL PROPERTY: SPECIAL TAX. The exemption from taxation of school property, provided for in title 6 of the Code, extends only to taxation for the purposes authorized by that title: a city may levy and collect a special tax upon the property of a school district situated within its limits, for the purpose of building a sidewalk in front of such property.

*Appeal from Woodbury District Court.*

SATURDAY, DECEMBER 11.

The plaintiff is a corporation existing under the general incorporation law. The defendant is a school district, and the owner of certain real estate within the city limits which is used solely for school purposes. The city council determined that a certain sidewalk in front of said real estate should be repaired. The city furnished the material and caused the same to be done, and seeks in this action to recover therefor. Trial to the court, and judgment for the plaintiff, but the court refused to make an order for the sale of the real estate. The defendant appeals.

*Joy & Wright*, for appellant.

*J. M. Cleland*, for appellee.

SEEVERS, J.—The general incorporation statute provides: *First.* That cities have the power to construct and repair sidewalks, and levy a special tax on the lots and parcels of land fronting on the streets thus improved to pay therefor.

1. TAXATION : school property : special tax.

*Second.* They may by ordinance determine the mode such charge shall be assessed.

*Third.* Such assessment is made a personal charge against the owner, and also a lien on the real estate, which may be

collected and the lien enforced by a proceeding in law or equity.

*Fourth.* Cities may by ordinance, if they so elect, cause such special tax to be certified to the county auditor to the end it may be collected as are other taxes. Code, §§ 478, 479, 481.

Under the authority conferred the city passed the requisite ordinances, and, among other things, provided for the certification of such special taxes to the county auditor, and their collection as are other taxes.

No complaint is made of the mode of assessment in any respect, and counsel for the appellant state the question to be determined to be " Whether school property, used for school purposes only, is subject to any tax levy, charge or assessment, or expense for building sidewalks adjacent to the same, by the city, and whether defendant is liable to pay the same." In relation thereto we have to say:

I.    The statute designates the assessment made in this case as a special tax, and it will be so regarded. It is, however, a tax or charge imposed because of a special benefit, and, therefore, distinguishable from ordinary taxes which are imposed for the support of the government or municipality. The defendant was under obligation to provide not only schools and school-houses, but reasonably sufficient ways to reach the same. It is but reasonable, we think, in an incorporated city or town, a school district should provide sidewalks in front of its property, or pay therefor, in all cases where the city requires or constructs the same in pursuance of statutory authority. As we understand, the defendant claims, if this be conceded, the property of the defendant has been exempted from taxation of every character.

The statute relied on is found in title 6 of the Code, which relates exclusively to revenue or ordinary taxes. It is therein provided that the following classes of property " are not to be taxed, and they may be omitted from the assessments *herein required:*    *    *    *    the property of a county, township,

city, incorporated town or school district, when devoted entirely to public use and not 'held for pecuniary profit." Code, § 797.

The special tax assessed by cities for the construction of sidewalks is not assessed under title 6 of the Code, but under title 4, chapter 10, which relates to cities and incorporated towns.

Taxation is the rule and exemption the exception, and, therefore, strict construction of the statute under which the exemption is claimed is the rule. *Trustees of Griswold College v. The State*, 46 Iowa, 275; Cooley on Taxation, 146.

It will be observed the statute provides the property is not to be taxed, and may be omitted from the assessments "*herein required.*" Clearly, we think, this has reference only to the assessments referred to in said title. From all taxes therein required to be assessed the designated property is to be exempted. It appears to us, under the provisions of 'title 4 of the Code, this special tax is clearly authorized, is general, and applies to all persons and property coming within its provisions. If the general assembly had intended to exempt the property of school districts from this special tax, and throw the burden on the municipality, it is fair to presume it would have so indicated in clear and explicit terms.

The words "not to be taxed" are not alone to be considered, but must be read in connection with the residue of the statute, and its object, scope, and intent considered. So doing we have no hesitation in saying the exemption relates only to the taxes contemplated in title 6 of the Code, or such as are assessed for ordinary purposes, and to which all persons and property are subject unless specially exempted. This view is sustained, to say the least, by the decided weight of authority.

In the leading case of *The Application of the Mayor of New York*, 11 Johns., 77, church property was exempted from being "taxed by any law of the State," and it was held

this had reference to the general and public taxes only, and did not apply to assessments made for enlarging and improving a street. To the same effect are *Buffalo City Cemetery v. Buffalo*, 46 N. Y., 506; *Northern Liberties v. St. John's Church*, 13 Penn. St., 107; *The City of Bridgeport v. N. Y. & H. R. Co.*, 36 Conn., 261; *Boston Seaman's Friends' Society v. Boston*, 116 Mass., 191; Cooley on Taxation, 146–148, and authorities cited; *The Dunlieth and Dubuque Bridge Co. v. The City of Dubuque*, 32 Iowa, 427.

II. The court refused to order a sale of the real estate. Of this the defendant does not complain. We are not called on to determine whether the judgment can be enforced, but it is probable counsel will be able, if necessary, to find a way to accomplish such a result.

It is competent for the general assembly to provide that a special tax of this character may be enforced by an action in the courts. Cooley on Taxation, 300.

The statute makes the tax a personal charge against the owner, and a lien on the real estate, and it has been held this may be done. *Quick v. Burlington*, 47 Iowa, 222.

The personal charge is a debt which may be enforced by a personal action against the owner.

The power given cities by ordinance to provide for the collection of the special tax, as are other taxes, is cumulative merely, and does not, if adopted, deprive the city of the other remedies provided for the collection of the tax.

AFFIRMED.