J. L. DAVIS v. HUBER MANUFACTURING COMPANY, Appellant.

Action for Commissions: DEFAULT: AMENDMENT: DISCRETION OF COURT. The refusal of the court to enter a default because an amendment was not filed in time, will not be interfered with in the absence of a showing of clear abuse of discretion.

Agents' Right to Commissions. Where the agent's contract is to solicit and use his best efforts to procure orders for the sale of defendant's machinery, and if, by reason of his efforts sales are made, though consummated by a general agent of defendant, he is entitled to his commissions.

Same: And this would be true though the agent's contract reserved to defendant the right to solicit orders and make sales in the same territory.

Same: CUTS IN PRICE. Where the contract provides that the agent shall stand cuts in price on sales made by him, yet if the sale is consummated by the defendant at a cut price fixed by it, the agent is entitled to his full commission.

Same: BREACH OF CONTRACT: WHEN WAIVED NOT A DEFENSE. Where the agent violates his contract, with knowledge of his principal, and the right to terminate the contract is not exercised and the principal accepts the benefits of the agent's services, the breach is waived and cannot be pleaded as a defense to a claim for commissions.

Verdict: AFFIDAVITS OF JURORS IN SUPPORT OF, ARE COMPETENT. Affidavits of jurors who tried the case, that in arriving at a verdict a certain claim was allowed in full, when offered in support of the verdict, are competent.

Failure to File Argument in Time: MOTION TO STRIKE: REVERSAL OF
7    CASE. An argument not filed in time will be stricken from the
     files on motion, where sufficient excuse is not shown, but this
     will not reverse the case.

*Appeal from Dickinson District Court.*—HON. A. D.
                    BAILIE, Judge.

            TUESDAY, JANUARY 20, 1903.

ACTION to recover commissions for the sale of machin-
ery.  Trial, and verdict and judgment for the plaintiff.
The defendant appeals.—*Affirmed.*

*Cory & Everett* for appellant.

*Chas. I. Reigard* and *L. E. Francis* for appellee. ,

SHERWIN, J.—While the issues were being settled, the
court granted the plaintiff leave to amend, and ordered
that the amendment be filed within thirty days. This was
                        not done, and the defendant's motion for a
1. DEFAULT:
amendment:   default because thereof was overruled, and
discretion of
court.       the time for filing the amendment was ex-
tended.  There was no error in this.  The trial court has
large discretion in matters of this kind, and, unless a clear
abuse thereof is shown, we will not interfere.  No default
was actually entered, and the court very properly over-
ruled the motion therefor.  *Davis v. Brady*, Morris, 101;
*Walker v. Hutchinson*, 50 Iowa, 364.

II.  The principal contention is over the claims of the
plaintiff for commissions on machines sold to Yarnes and
to Bibow & O'Hern.  The plaintiff was acting under a writ-
2. AGENTS right   ten contract with the defendant, under which
to commis-
sions.       he was appointed its agent to "solicit orders
for its machinery," and in which he agreed to canvass the
territory assigned to him "in a most thorough manner,"
and to do all in his "power to secure orders for its

machinery." He did not, in fact, negotiate the sales to either of the parties named, but the undisputed evidence is that he solicited them to become purchasers of the defendant's machinery before the sales were made, and in the Yarnes matter took the defendant's general agent to see him after he had himself solicited an order from him. There is also evidence tending to show that, after talking with Bibow & O'Hern about the purchase of machinery from the defendant, he either wrote or telegraphed the defendant about the matter, and that soon thereafter its general agent appeared there and made the sale to them. Under his contract, the plaintiff was only bound to solicit and to use his best efforts to procure orders for the defendant's machinery; and if, by reason of such solicitations and efforts on his part, orders were procured, and sales were in fact made, he was entitled to the commissions provided for in the contract, because he had then done all that the contract called for, and it is immaterial whether he conducted the negotiations to their final successful termination. Mechem, Agency, section 966; *Blodgett v. Railway Co.*, 63 Iowa, 606; *Hannah v. Collins*, 69 Iowa, 51. There was evidence in support of these claims of the plaintiff, and they were submitted to the jury under correct and proper instructions.

III. The fact that the contract reserved to the defendant the right to solicit and make sales in the same

3. SAME.

territory cannot change the result, if the plaintiff's efforts were the procuring cause of the sales, as the jury found they were.

IV. The contract provides that the plaintiff shall stand all cuts made by him below the list price of the machinery, and it is contended that, as the defendant sold

4. SAME: cuts in price.

to these parties at a cut price, the plaintiff must stand it; but he did not complete the sale or negotiate the final price agreed upon, and the contract does not make him liable for the acts of the defend-

ant, nor can the defendant defeat his right of recovery on account of the price it made. Mechem, Agency, section 96ɔ.

The instructions asked by the defendant were therefore rightly refused, and the twelfth paragraph of the court's charge was correct.

The agreement was that, if the plaintiff solicited orders for other houses, the defendant might cancel the contract, and it is shown that he did thus violate his agreement; but it is also shown that the defendant knew of this, and did nothing about the matter. The court therefore properly took that question from the jury, because the defendant, having by implication, at least, waived that provision of the contract, and accepted the benefits of the plaintiff's labor, was estopped from interposing the breach thereof as a defense to the claims.

5. BREAH of contract: when waived not a defense.

VI. It was competent to prove the consideration for the indorsement by the plaintiff of the Hiatt notes, and, if the defendant was to do some act as the consideration therefor, it was proper to show that it had failed in that respect. There was a conflict in the evidence touching this matter, and we think it was rightly submitted to the jury, and that instruction nine, complained of, was a necessary and correct direction as to the commissions earned by the plaintiff, and indorsed on the notes in question. But regardless of this, it is shown by the affidavits of eight of the jurors who tried the case, and it is undisputed that the defendant was allowed the entire claim made by it on account of the Hiatt notes. These affidavits were in support of the verdict, and were competent. *Lloyd v. McClure*, 2 G. Greene, 139; *Swails v. Cissna*, 61 Iowa, 693.

6. VERDICT: affidavits of jurors in support of are competent.

We think the verdict is sufficiently supported by the evidence.

VII. The appellee's argument was not filed within the time required by law, and no sufficient excuse is made

for not so filing it. Parties cannot be permitted to disregard the rules of this court because they are preparing for business in the trial court. The motion to strike the appellee's argument is therefore sustained. This order does not, however, entitle the defendant to a reversal of the case. The judgment is AFFIRMED.

7. FAILURE to file argument in time: motion to strike: reversal of case.