THETA XI BUILDING ASSOCIATION, Appellant, v. BOARD OF REVIEW, Iowa City, et al., Appellees.

No. 42053.

NOVEMBER 14, 1933.

REHEARING DENIED MARCH 16, 1934.

Grimm, Elliott, Shuttleworth & Ingersoll, for appellant.

Thomas E. Martin, for appellees.

ANDERSON, J.—This was an appeal to the district court of Johnson county, Iowa, from the action of the board of review of Iowa City, in overruling the claim and protest of the appellant, Theta Xi Building Association, that its property was exempt from taxation. The appellant is what is known as a fraternity. It is incorporated under the provisions of the statutes providing for the creation of corporations not for pecuniary profit. The objects of the corporation as defined by its articles of incorporation are as follows:

'To promote the general moral, social, educational and literary welfare of the members. * * * and to acquire, maintain and operate a Chapter House, home and dormitory, and a place for study and education for the members etc."

The fraternity acquired a tract of real estate in Iowa City, and caused to be erected thereon a three-story brick building. This was furnished and occupied by the members of the fraternity as a boarding house or home while they were students in the State University. The members are not required to take quarters there or make the fraternity house their home, but they may do so, and most if not all of the members attending the university do so. It appears from the record that the fraternity house had been leased for short periods of time for conventions or other uses than for the purposes of the fraternity, and that during the summer period students not members of the fraternity had been permitted to occupy the same for a consideration.

The appellant claims that its property is exempt from taxation under the provisions of subsection 9 of section 6944 of the Code:

"6944. Exemptions. The following classes of property shall not be taxed: * * * 9. Property of religious, literary, and charitable societies. All grounds and buildings used by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, not exceeding three hundred twenty acres in extent and not leased or otherwise used with a view to pecuniary profit. * * * "

The appellant claims it is a literary, scientific, charitable, and religious institution or society within the meaning of the foregoing statutory provisions, and claims that the character or nature of the appellant is to be determined by its declared purposes and nature as set forth in its articles of incorporation. With the latter claim

we cannot agree. It is the use of the property, rather than the declaration made in the charter of the appellant, which determines the question as to its exemption from taxation. Delta Kappa Epsilon Soc. v. Lawler, 179 N. Y. 535, 71 N. E. 1136. Property used with a view to pecuniary profit is not exempt from taxation under the provisions of the statute quoted, even though the funds received are used for paying the upkeep of the property and the discharge of the debt thereon. People ex rel. Baldwin v. Withers Home, 312 Ill. 136, 143 N. E. 414, 34 A. L. R. 628; State v. McDowell Lodge, 96 W. Va. 611, 123 S. E. 561, 38 A. L. R. 31. We must keep in mind that taxation is the rule, exemption is the exception, and that statutes under which exemptions are claimed should be strictly construed, and that those claiming exemptions must show themselves entitled thereto. Trustees of Griswold College v. State, 46 Iowa 275, 26 Am. Rep. 138; Sioux City v. School District, 55 Iowa 150, 7 N. W. 488; Farwell v. Des Moines Company, 97 Iowa 286, 66 N. W. 176, 35 L. R. A. 63; Lacy v. Davis, 112 Iowa 106, 83 N. W. 784; In re Assessment of Boyd, 138 Iowa 583, 116 N. W. 700, 17 L. R. A. (N. S.) 1220.

Under the quoted statute the property claimed to be exempt must be used solely and exclusively for one or more of the purposes defined by the statute. We do not think that the property of a fraternity is used solely and exclusively for any of the purposes defined by the statute which would classify it as exempt from taxation. While this question has not been heretofore decided by this court, it has been before the appellate courts of many of our sister states. It has been held that exemption from taxation will not be presumed or implied; that the presumption is in favor of taxation and against exemption, and, if there be a reasonable doubt, it must be resolved in favor of the state. Lacy v. Davis, supra. Mr. Cooley, in his work on Taxation, vol. 2 (4th Ed.), on pages 1403 to 1408, discusses the present question very thoroughly and directly, and states that the right to an exemption will never be implied from language of a statute which will permit of any other reasonable construction; that the intention on the part of the legislature to grant exemption must be in clear and unmistakable terms; and that statutes granting exemptions must be construed strictly against the property owner and in favor of the public; that the intention to grant an exemption from taxation must be expressed in clear and

unambiguous terms; and that such statutes must not be enlarged by construction.

In Maine a statute relating to exemptions from taxation exempted all property of benevolent, charitable, literary, and scientific institutions occupied by them for their own purposes or by any officers thereof as a residence, and the Supreme Court of that state, in Orono v. Sigma Alpha Epsilon Soc., 105 Me. 214, 74 A. 19, held that the fraternity was not entitled to exemption from taxation under the provisions of the statute. The court used the following language:

"This is not a tax against the University of Maine, which is conceded to be a literary and scientific institution. The university does not own the property which is the subject of taxation here. This property is owned by an independent corporation, and the owner is the party taxed and sued. The corporate purposes of the defendant are neither literary nor scientific. They are rather domestic, in the nature of a private boarding house, and such is the business that it carries on."

The Massachusetts statute (Pub. St. 1882, c. 11, sec. 5, cl. 3) exempted the "personal property of literary, benevolent, charitable, and scientific institutions from taxation," and the Supreme Court of that state, in Phi Beta Epsilon v. City of Boston, 182 Mass. 457, 65 N. E. 824, held that where the purposes of the fraternity as stated in its charter were "to·encourage and pursue literary and scientific work, and to provide for its members a place for holding literary and scientific meetings, and to provide for its members, while they shall continue to be students, a place for study," that the dominant use of the property was that of a boarding house for student members and that it was not exempt from taxation, that, "even if some literary or scientific work was done in the house in question, still the building was also used as a dormitory and boarding house, * * * and that this last was the dominant use. * * * The housing or boarding of students is not of itself an educational process, any more than is the housing or boarding of any other class of human beings."

In the case of Knox College v. Board of Review, 308 Ill. 160, 139 N. E. 56, 35 A. L. R. 1041, the college itself held title to real estate upon which was located fraternity houses which served the

purpose of college dormitories for the fraternity members, and in this case the Illinois court held that the property was not exempt from taxation under statutory provisions similar to ours.

The same court held, in People v. Alpha Pi, 326 Ill. 573, 158 N. E. 213, 54 A. L. R. 1376, that, the property of a social Greek-letter fraternity, similar in character to the appellant, is not exempt on the ground that it is used for educational purposes.

Only two jurisdictions, Indiana and Oklahoma, so far as we have been able to discover, have held fraternity properties ·exempt from taxation.

In the Indiana case, State v. Allen, 189 Ind. 369, 127 N. E. 145, it appears that that state has a statute expressly exempting Greek-letter fraternities from taxation, and this case has no bearing upon the question we are discussing under the Iowa statute.

In the Oklahoma case, Beta Theta Pi Corp. v. Cleveland County, 108 Okl. 78, 234 P. 354 (1925), the court had under consideration a claim for exemption from taxation under a statute providing that the grounds and buildings of library, scientific, educational, benevolent, and religious institutions, colleges, or *societies*, devoted solely to the appropriate objects of the institutions named, and not leased or otherwise used with a view to a pecuniary profit, were exempt from taxation. The testimony in that case shows that the property in question was used exclusively for educational and charitable purposes; that the society maintains a library with instructors; and that it furnished board and lodging free for students of the university who were members of the fraternity and unable to pay their expenses. No contention was made that the evidence failed to bring the property within the uses and purposes required by the statute. It will be noticed that the statute there under consideration differed materially from the Iowa statute, and that the facts in that case were not at all parallel with the facts in the case at bar.

In the instant case the evidence discloses that the dominant use of the property of the appellant was that of a dormitory, boarding house, and place of social and fraternal intercourse, and home for its members during the college school year; and that any literary or scientific purposes for which it might occasionally have been used were merely incidental. Even though it were found that the property of the fraternity might be included in some one or more of the classifications of property exempt under the provisions of the statute, there still would be a serious doubt as to whether the property

was used solely and exclusively for such particular purposes. However, it is not necessary to base our ruling upon such contingencies. If the legislature had intended to exempt property of the kind here involved, owned by fraternities such as the appellant, it should and certainly would have named such societies or organizations in the exemption statute under consideration. Having failed to do so, we should not extend the provisions of the statute by construction and include property therein without legislative authority. We hold, therefore, that the property of the appellant was not, and is not, exempt from taxation, and that the trial court was right in so holding. An affirmance necessarily follows.—Affirmed.

ALBERT, C. J., and KINDIG, MITCHELL, STEVENS, and EVANS, JJ., concur.

KINTZINGER, J., takes no part.