READLYN HOSPITAL, a Corporation, Appellant, v. W. C. HOTH, County Treasurer, et al., Appellees.

No. 43707.

342

March 9, 1937.

 ┣━ 

Arben L. Young, for appellant.

Oliver J. Reeve, for appellees.

Kintzinger, J.—This is an appeal from the district court of Bremer County from a decree refusing an injunction, and in holding that the plaintiff's property was not exempt from taxes assessed against said property for the last half of 1934, under section 6944, par. 9, of the Code of 1935.

Section 6944, par. 9, of the Code of 1935, provides that the following classes of property shall not be taxed:

"All grounds and buildings used by * * * charitable, benevolent, * * * institutions and societies solely for their appropriate objects, not exceeding three hundred twenty acres in extent and not leased or otherwise used with a view to pecuniary profit. * * *"

Appellant contends that its property, part of which is used as a hospital, is exempt from taxation under said statute, because it is used solely for charitable and benevolent purposes.

For about 15 years prior to March 11, 1933, Dr. E. N. Osnes owned two houses situated upon lots 16, 17, and 18, in Block 12, in the town of Readlyn, Iowa. He lived in one of the houses and used the other as a private hospital. At or about the same time Dr. E. N. Osnes, his wife, Emilie Osnes, and Emma Hesse, a nurse in the hospital, formed a corporation known as the Readlyn Hospital for benevolent, charitable and scientific purposes,

and not for pecuniary profit. The persons named as officers of the corporation were E. N. Osnes, president, and Emilie Osnes, his wife, secretary and treasurer. E. N. Osnes, Emilie Osnes, and Emma Hesse, were named as trustees. The articles of incorporation made no provision for any capital stock or dividends.

On March 11, 1933, Dr. E. N. Osnes and his wife, Emilie Osnes, conveyed said property to the Readlyn Hospital, a corporation, with a provision in the deed that, if the property ceased to be used for any purpose other than a hospital, the title would revert to the grantors, E. N. Osnes and Emilie Osnes, their heirs or their estate.

The two houses are about twelve feet apart, one of which had always been used by Dr. Osnes as a residence, and the other as a hospital. After the conveyance to the corporation, the doctor continued to use part of one of the houses as his residence, and part of the other as his office. He also continued to practice his profession in practically the same manner as before. He used the one house as his residence, and two rooms in the hospital building for his offices. While the evidence fails to show the amount of money realized by Dr. Osnes in his practice, it does show that he made charges for his services and collected his fees therefor in the same manner as before.

The evidence fails to show the size of the hospital building, but as it is situated on a part of three ordinary town lots having a value of about $5,200, including the buildings, they are evidently not very large.

The taxes on this property were originally assessed to E. N. Osnes and were all paid by him, except the last half of 1934. Thereafter, the defendants advertised the property for sale for the nonpayment of delinquent taxes, and this action was commenced to enjoin the sale thereof, upon the ground that it was exempt from taxes, because it was used solely for charitable and benevolent purposes, as provided in section 6944, par. 9, of the Code of 1935. The defendants denied the right of exemption because the property was not used solely for charitable or benevolent purposes. The lower court found in favor of the defendants and plaintiff appeals.

Appellant contends that because the articles of incorporation show that the Readlyn Hospital was organized for charitable and benevolent purposes, that the objects and purposes as expressed in its articles of incorporation should be controlling in

determining its objects and purposes. The objects and purposes of the corporation as expressed in its articles of incorporation may be considered in determining this question, but the recital thereof in its articles is not controlling in determining the question of exemption. This question must be determined from the use made of the property rather than the declaration made in its articles of incorporation. Theta Xi Bldg. Assn. v. Board of Review, 217 Iowa 1181, 251 N. W. 76.

The sole question for determination in this case is whether or not the uses made of the property are solely for charitable and benevolent purposes within the contemplation of section 6944, par. 9, of the Code of 1935, providing an exemption of property used solely for their appropriate objects.

In Theta Xi Bldg. Assn. v. Board of Review, 217 Iowa 1181, 1183, 251 N. W. 76, we said:

"It is the use of the property, rather than the declaration made in the charter of the appellant, which determines the question as to its exemption from taxation."

Statutes passed for the purpose of exempting property from taxation must be strictly construed, and if there is any doubt upon the question it must be resolved against the exemption and in favor of taxation. The exemption is not to be made by judicial construction, but anyone claiming exemption from taxation under a statute must show clearly that the property is exempt within the terms of the constitution and the statute. Theta Xi Bldg. Assn. v. Board of Review, 217 Iowa 1181, 251 N. W. 76; Trustees of Griswold College v. State, 46 Iowa 275, 26 Am. Rep. 138; Sioux City v. Ind. School Dist., 55 Iowa 150, 7 N. W. 488; Farwell v. Des Moines Brick Mfg. Co., 97 Iowa 286, 66 N. W. 176, 35 L. R. A. 63; Lacy v. Davis, 112 Iowa 106, 83 N. W. 784; In re Assessment of Boyd, 138 Iowa 583, 116 N. W. 700, 17 L. R. A. (N. S.) 1220; People ex rel. Delta Kappa Epsilon Soc. v. Lawler, 179 N. Y. 535, 71 N. E. 1136; People of the State of Illinois v. Withers Home, 312 Ill. 136, 143 N. E. 414, 34 A. L. R. 628; First Cong. Church v. Board of Review, 254 Ill. 220, 98 N. E. 275, 39 L. R. A. (N. S.) 437; Cong. S. S. & P. Society v. Board of Review, 290 Ill. 108, 113, 125 N. E. 7.

In Theta Xi Bldg. Assn. v. Board of Review, 217 Iowa 1181, loc. cit. 1183, 251 N. W. 76, 77, this court, speaking through Justice Anderson, recently said:

"We must keep in mind that taxation is the rule, exemption is the exception, and that statutes under which exemptions are claimed should be strictly construed, and that those claiming exemptions must show themselves entitled thereto."

In order to warrant an exemption under our statute, it must appear that the "grounds and buildings used by * * * charitable [and] benevolent * * * institutions * * * [must be used] solely for their appropriate objects."

Although there is some evidence in the record tending to show that rooms in the hospital were furnished to other doctors and their patients for charitable purposes, we are constrained to hold that much of the property in question was used by Dr. Osnes in his private practice and for his private personal gain. The doctor had been living in the same residence, and had practiced medicine in the same offices in the hospital building for over fifteen years, and after the transfer of the property to the corporation, his use of the buildings was continued as before.

It is true the evidence tends to show that the property used as a hospital may have been operated at a loss, but the record shows that this loss was accounted for by the fact that the patients using the hospital failed to pay the charges made against them by the hospital. All patients using the hospital were charged for services rendered, and such charges remain on the books.

The evidence, however, fails to show that Dr. Osnes, in using the building in question, operated his private practice at a loss. Appellees sought to elicit from Dr. Osnes the amount of income or profits received by him from the use of the buildings in question. While he did not give this information, the evidence fails to show that his practice was conducted at a loss.

A claim for exemption cannot be sustained unless it is clearly shown to be within the letter and spirit of the law. Bistline v. Bassett, 47 Idaho 66, 272 Pac. 696, 62 A. L. R. 323; Broadbent, etc. Co. v. Baltimore, 134 Md. 90, 106 Atl. 250.

It is our finding that both the buildings and the real estate upon which they were situated were used by both the hospital and Dr. Osnes in his private practice.

We do not hold that a hospital for charitable or benevolent purposes must be exclusively and permanently used for such purposes, and it may be that where a hospital is primarily used

346

for charitable or benevolent purposes, that it may be exempt under our statute. Our holding is limited to the facts in this case which show that part of the property sought to be exempt from taxation is exclusively and permanently used by Dr. Osnes in his private practice and for his personal and private gain, and not solely for charitable and benevolent purposes. One of the buildings on said property is used in part exclusively by Dr. Osnes as his residence, and part of the hospital building is also used exclusively by Dr. Osnes as and for his private offices; it necessarily follows that all the property is not used solely for charitable and benevolent purposes.

The statute also provides that the property to be exempt shall not be ''leased or otherwise used with a view to pecuniary profit.'' The facts in this case show that this property was either leased to or otherwise used by Dr. Osnes for pecuniary profit. He was using the property for his own private gain, and as the property leased to him consisted of part of the property claimed to be exempt, the exemption statute cannot apply. Fort Des Moines Lodge I. O. O. F. v. Polk County, 56 Iowa 34, 8 N. W. 687; Lacy et al., Trustees of Knights Templar v. Davis, 112 Iowa 106, 83 N. W. 784; In re Dille, 119 Iowa 575, 93 N. W. 571.

It is, therefore, our conclusion that the property in question was not used solely by the corporation for charitable or benevolent purposes, but was in part used exclusively by Dr. Osnes for his own private benefit and gain more than it was by the corporation. We are, therefore, constrained to hold that the property is not exempt from taxation under the statute. Such was the finding of the lower court, and we are constrained to hold that its decree was correct.

For the reasons hereinabove expressed, the decree of the lower court is hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, DONEGAN, PARSONS, HAMILTON, and STIGER, JJ., concur.

SAGER, J., takes no part.