CHAS. AHRWEILER et al., Appellants, v. BOARD OF SUPERVISORS et al., Appellees.

No. 44647.

FEBRUARY 14, 1939.

Ver Ploeg, Ver Ploeg & Ver Ploeg, for appellants.

Harold J. Fleck, for appellees.

OLIVER, J.—In this appeal the principal proposition involved requires the consideration of but a single question: whether, under the Homestead Tax Exemption Act, homesteads acquired between January 1, 1937, and June 1, 1937, are entitled to credit against the 1936 taxes (payable in 1937) in addition to another credit against the 1937 taxes (payable in 1938). The right to the homestead credit against the 1937 taxes is con-

ceded. The controversy relates solely to the credit against the 1936 taxes, and appellants predicate error in the decree of the court affirming the action of the board of supervisors in denying the claims for such credits.

Chapter 195 of the Acts of the 47th General Assembly, known as Homestead Tax Exemption Act, became effective March 25, 1937. The provisions of this chapter relating to the matters in controversy are not free from ambiguity and obscurity, consequently the decision must rest upon the proper construction thereof. This is an act providing for credits against certain property taxes and, as its name indicates, is a tax exemption act. Therefore, in its construction and interpretation the court should follow the rules enunciated by the decisions in such cases. It is a well-established principle that tax exemption statutes should be strictly construed and that those claiming exemptions must show themselves entitled thereto within the purview of the act. Theta Xi Building Assn. v. Board of Review, 217 Iowa 1181, 251 N. W. 76; Samuelson v. Horn, 221 Iowa 208, 265 N. W. 168; Grand Lodge A. O. U. W. of Iowa v. Madigan, 207 Iowa 24, 222 N. W. 545; Readlyn Hospital v. Hoth, 223 Iowa 341, 272 N. W. 90.

It may also be noted that in attempting to arrive at the correct interpretation of any particular provisions of the act and the intention of the legislative body, as expressed therein, the court should consider the entire act and, so far as possible, construe its various provisions in the light of their relation to the whole.

The parts of the long title to the act material hereto are as follows:

"AN ACT to encourage the acquiring and ownership of homesteads; * * * to create the homestead credit fund; to provide for the allocation of funds therein to apply as a credit on taxes on homesteads; * * * to define homesteads and providing for the making of claims for credit as provided in this act; * * *."

The Preamble states in part:

"WHEREAS, a healthier and more prosperous condition exists in the state when the owner occupies his own farm or dwelling, and it is for the best interests of the people as a whole when such a condition exists; and

"WHEREAS, it is the intention of the legislature, and the purpose of this act to encourage and foster home ownership and occupancy; and

"WHEREAS, this legislature feels that a proper method of encouraging home ownership and occupancy is by granting benefits to those within that class; and * * *."

Sections 2 and 3 of the act provide for the establishment of the homestead credit fund to be set aside quarterly beginning July 1, 1937, from unappropriated sales tax funds in the hands of the state treasurer.

"Sec. 4. * * * '1. The homestead credit fund shall be apportioned each year as hereinafter provided so as to give a credit against the tax on each eligible homestead in the state, as defined herein;' * * *."

Each six months beginning with March 1938, the board shall pay each county treasurer the amount apportioned to that county. On October 1, 1937, and annually thereafter the state board of assessment and review shall estimate the millage credit for the ensuing year based upon the estimated revenue to be distributable for the ensuing year, and certify the same to each county auditor, who shall credit the same upon the tax levied upon each eligible homestead payable during the ensuing year.

Section 5 provides that any person who desires to avail himself of the benefits shall each year, commencing January 1, 1938, deliver a verified statement and designation of homestead as claimed by him, or shall, on or before June 1, file statement therefor with the county auditor. Such claims shall then be examined by the board of supervisors and, if allowed, shall, on or before July 1, be certified by the auditor to the county treasurer and then to the state board of assessment and review.

"Sec. 11. Any person who is the owner of a homestead, as defined in this act, and who desires to avail himself of the benefits provided hereunder for the 1936 taxes payable in 1937 and for the 1937 taxes payable in 1938 may do so by filing a verified statement with the county auditor * * * on or before June 1, 1937, * * *.

"The board of supervisors * * * shall * * * examine * * * and shall either allow or disallow same and establish the assessed

value of the homestead where the same has been assessed with other real estate, * * *.''

Sections 12, 13 and 14 provide in substance that all claims allowed shall be certified by July 1, 1937, to the county treasurer and then to the state board, and on or before September 1, 1937, the funds then on hand shall be allocated to the various counties and the county treasurer of each county shall enter a credit against the tax levied on each eligible homestead, being the tax for 1936 levied in 1937, or if the tax has been already paid, remit the amount to the taxpayer.

''Sec. 15. The determination of the assessed valuation of eligible homesteads as provided herein, from which the credit on the 1936 taxes payable in 1937 is determined, shall also be the valuation from which is determined the credit to be given on the 1937 taxes payable in 1938.''

''Sec. 19. * * * a. The homestead must embrace the dwelling house in which the owner claiming a millage credit or refund under this act actually lives six (6) months or more in the year except that in the first year of ownership it shall be sufficient if the owner is living in the dwelling house at the time the claim for homestead credit is made, and makes an affidavit of his intention to occupy said dwelling house, in good faith, as a home. * * *''

Thus it appears that the legislature, realizing the social and material benefits to the public at large from the ownership of homesteads by the people, sought to encourage and increase such ownership and occupation. The method adopted was to grant to each homestead a credit against the real estate taxes for each year the property constituted a homestead.

The bill was adopted in March 1937, and became effective by publication on March 25. To make the benefits immediately available, the legislature made the law retroactive so that its benefits might apply to the 1936 taxes due in 1937, as well as the 1937 taxes due in 1938 and taxes for each year thereafter during the continuance of the act. It will be noted that section 4 of the act recites that the fund shall be apportioned each year so as to give a credit against the tax on each eligible homestead. Thus the expressed thought of the act was to give each home-

stead a credit upon the taxes assessed against it each year of its existence.

During the first year of the operation of the law certain temporary provisions were necessary to provide for its operation until such time as its permanent provisions could be readily co-ordinated with the taxing machinery of the state. These temporary provisions of the act concerned only the credits against the 1936 tax (payable in 1937) and the 1937 tax (payable in 1938) and parts of the act from time to time ceased to be in force, after having served the purpose of giving the law substantially uniform effect from its inception.

It is the contention of appellants that properties which were entitled to homestead credit against the 1937 tax payable in 1938 were also entitled to credit against the 1936 tax payable in 1937, irrespective of their homestead character in 1936. This is based in part upon the language of section 11, supra, that any person who is the owner of a homestead may avail himself of the benefits provided for the 1936 taxes *and* for the 1937 taxes by filing claim on or before June 1, 1937. Appellants contend that the word *and* in the foregoing sentence means that two years of benefits are allowed for one year of homestead occupation, otherwise, say appellants, the word *or* would have been used.

The difficulty with such construction is that it is out of harmony with the purpose and general provisions of the act. The plan of the act is for a credit each year during which the property is an eligible homestead, against the tax levied for that year and payable during the next year. As hereinbefore noted it was necessary to adopt a temporary method of procedure for handling the credit against the 1936 taxes payable in 1937. However, this was not calculated to change the basis of eligibility for credit so as to give such credit against taxes levied against property which was not a homestead, until after the year in which the levy was made.

Nor would the placing in the same section of provisions for applications for credit against the 1936 and 1937 taxes warrant the assumption that it was the intent to set up a different standard for eligibility for these years than for other years. It is clear that some homesteads would be eligible for benefits against the taxes for each of said years by reason of their homestead character in both 1936 and 1937. By the same token it would

not be logical to allow both the 1936 and the 1937 benefits to property not of homestead character in 1936.

■ Although the word *and* is ordinarily used as a conjunctive, it has been the holding of this court that in construing statutes the word *and* may be interpreted as a disjunctive and that the words *and* and *or* are convertible, as the sense may require when necessary to effectuate the intent of the legislature. This rule was again enunciated in an opinion by Justice Kintzinger in the recent case of Lahn v. Primghar, 225 Iowa 686, 281 N. W. 214, which cites a number of decisions of this court in support thereof. Therefore, for the purpose of harmonizing section 11 with the other parts of the act, the word *and*, as used in the clause "for the 1936 taxes payable in 1937 *and* for the 1937 taxes payable in 1938", should be interpreted in the conjunctive when used with reference to a homestead eligible to benefits for both of said years. When used with reference to a homestead not eligible to benefits for both of said years it should be interpreted in the disjunctive meaning, the same as though the word *or* had been used. Taking into consideration all the provisions of the act such construction appears to be sound and logical.

■ Section 19 provides that the homestead must embrace the dwelling house in which the owner, claiming a credit, actually lives 6 months or more in the year. Following this an exception is made for newly acquired homesteads, the act providing that in those cases the six months residence is not necessary and as to that requirement, "it shall be sufficient if the owner is living in the dwelling at the time the claim for homestead credit is made". But the section is not fairly susceptible to the construction that this "sufficient" time of residence entitles the property to homestead credit for any year in which it was not a homestead. It would not be "sufficient" to make a dwelling house purchased in 1937 a homestead in 1936.

■ The tax credit is not a credit to the owner but to the homestead, although this results in benefit to the owner and cash refunds were allowed taxpayers who had paid such taxes prior to the allowance of the credit. That the credit is to the property, as distinguished from the owner, is evident from various provisions of the act. The credit (or refund) is given against the tax on the homestead and the taxpayer makes claim therefor as owner of the homestead.

The Homestead Exemption Law was not adopted upon the

premise that a homestead credit was a gift or bonus with no consideration requirements in return. The principle behind the act was benefit to be returned to the state and its people by homestead ownership. As consideration for exemption it might be said that the homestead earns its credit each year of its existence. Consequently, it should not be entitled to credit for any other year. The credit against the 1936 tax may be explained and justified upon the theory that it was morally due for service already rendered.

Appellants contend that because section 15 of the act provides for the same method of determining the assessed valuation of homesteads for the purpose of the credit on the 1936 taxes and on the 1937 taxes, the legislature must have intended the two years to stand or fall together. Such contention is not well taken. This provision was necessary to determine and establish the assessed value of any homestead which had been assessed with other real estate, until such time as its separate valuation could be determined by the assessor as referred to in section 8 of the act. In this connection it may be noted that the assessor's books were closed by June 1, 1937, and, therefore, in cases in which he had assessed homesteads with other real estate it was necessary to devise a method of establishing the assessed value of such homesteads for the year 1937, as well as the year 1936. As is the case with certain other sections, the temporary procedure was different but the plan and scope of the homestead credit was not thereby changed.

Therefore, it is apparent that a proper construction of the Homestead Exemption Act requires the finding that property which did not constitute a homestead in 1936 is not entitled to credit against the 1936 taxes, and the finding and decree of the district court affirming the acts of the board of supervisors of Mahaska county in so holding was proper and correct.

However, it appears that the court overlooked the fact that the property of appellant, Julia Lyon Wheeler, which was occupied by her during the year 1936, was, under the provisions of the act, eligible for tax credit for the year 1936 under the facts stipulated between the parties on January 21, 1938. Wherefore, the judgment and decree of the district court is modified to the extent that homestead credit on the 1936 taxes of the homestead of the appellant, Julia Lyon Wheeler, be allowed.

In all other respects the judgment and decree of the district court is affirmed.—Modified and affirmed.

All JUSTICES concur.